## ORR v. HELMS et al. (8 Div. 987.)

Supreme Court of Alabama.   March 29, 1928.

Rehearing Denied May 31, 1928.

**1. Wills ⬅538—Words of survivorship relate to testator's death, in absence of contrary intent.**

Words of survivorship as used in will, unless there is manifest intent to contrary, always relate to death of testator.

**2. Wills ⬅471—Absolute gift is not to be cut down by anything not indicating intention to do so.**

Clear and absolute gift is not to be cut down by anything which does not with reasonable certainty indicate intention to cut it down.

**3. Wills ⬅470, 471—Intent of testator must be gathered from will in its entirety, interpreting each clause or provision to avoid irreconcilable conflict.**

In construing wills, intent of testator is the chief thing to be ascertained, and such intent must be gathered from the will in its entirety, interpreting each clause or provision so as to avoid irreconcilable conflict when reasonably susceptible of such construction.

**4. Wills ⬅472—Later provision or clause conflicting with former will be adopted and former disregarded.**

Where it is impossible to construe clauses or provisions in will so as to avoid conflict, the first clause or provision should be disregarded and the later one adopted.

**5. Wills ⬅601(1)—Under will devising property to children and wife jointly during wife's lifetime, children and wife took joint life estate with fee simple to children after wife's death.**

Under will devising property to children and wife jointly during lifetime of wife, with pro-

vision for equal division after her death, and in the event of death of child before wife property to descend to lineal descendants, and, if none, to become property in fee simple of surviving children, testator's wife and children took joint interest during life of the wife with fee simple to surviving children or their descendants after her death.

**6. Wills ☜78, 79—Testator may substitute later wife in place of former one in original will, or make new will.**

Will, as distinguished from deed, is ambulatory, and testator has right to substitute new wife in place of former one in original will, or to make new will if he sees fit.

Appeal from Circuit Court, Morgan County; James E. Horton, Judge.

Bill in equity by Leta A. Orr against Arthur Hugh Helms and others for construction of the will of John W. Orr, deceased. From a decree sustaining demurrer of defendant named to the bill, complainant appeals. Affirmed.

It appears that the complainant and respondents Annie Helms and Florence Orr are daughters of John W. Orr, deceased; that Etta Orr is the widow of said John W. Orr; and that Arthur Hugh Helms is the son of Annie Helms and grandson of John W. Orr. The pertinent provisions of the will are as follows:

"Second: It is my will and desire that they have and I do hereby devise and bequeath to my beloved wife Mrs. Etta Orr and my three daughters Miss Annie J. Orr, Miss Flossie A. Orr and Miss Leta A. Orr all my real estate together with any personal property that may then be belonging to my estate, to be owned and held by them jointly during the lifetime of my wife, and after her death the entire estate is to be divided equally between the three daughters above named, share and share alike in fee simple."

"In the event of the death of either of said daughters before my wife dies, then if such daughter leaves no lineal descendants, said property is to go and become the property in fee simple of the surviving daughter or daughters but if one or more of said daughters leave children, such children will take the place of the parents in this devise and shall have the part such parent had taken had she or they lived."

"Codicil: On this the 8th day of April, 1926, the said John W. Orr requested that the name Mrs. E. A. Orr be changed to Mrs. Etta Orr, declaring that such was of his own free will and accord, and that this will as thus revised shall constitute his last will and testament, and as witnesses thereto, we have in his presence and in the presence of each other, subscribed our names."

"This certifies that the above mentioned change is my wish.      John W. Orr."

It is prayed that, on final hearing, the court will adjudge that complainant and her sisters take a fee-simple title in the lands of testator, the enjoyment of same to be postponed merely until the death of Mrs. Etta Orr.

The demurrer took this ground, among others:

"The bill shows on its face that Arthur Hugh Helms has a remainder interest in said property, and the bill does not seek to have his interest ascertained, nor offer to pay off or satisfy his interest or the reasonable value thereof."

E. W. Godbey, of Decatur, for appellant.

The nature of estates of beneficiaries is determined at testator's death. Tomlin v. Laws, 301 Ill. 616, 134 N. E. 24, 26 A. L. R. 606; Mitchell v. Pittsburg, 165 Pa. 645, 31 A. 67; Walsh v. McCutcheon, 71 Conn. 283, 41 A. 813. There are no operative words in the so-called limitation and codicil. Long v. Holden, 216 Ala. 81, 112 So. 447. Where a fee simple is expressed rather than implied, a repugnant limitation over is void. Ward v. Torian, 216 Ala. 288, 112 So. 816; Graves v. Wheeler, 180 Ala. 412, 61 So. 341; Head v. Hunnicutt, 172 Ala. 48, 55 So. 161; Self v. Self, 212 Ala. 512, 103 So. 591.

S. A. Lynne, of Decatur, for appellees.

Brief did not reach the reporter.

ANDERSON, C. J. [1] It is a well-established legal principle in this state that words of survivorship as used in a will, unless there is a manifest intent to the contrary, always relate to the death of the testator. Spira v. Frenkel, 210 Ala. 27, 97 So. 104, and cases cited. The present will, however, clearly shows a manifest intent to base the survivorship of the daughters upon the death of the wife and not the testator. It says:

"In the event of the death of either of my said daughters before my wife dies."

[2] It is also well established that a clear and absolute gift is not to be cut down by anything which does not with reasonable certainty indicate an intention to cut it down. Pitts v. Campbell, 173 Ala. 604, 55 So. 500. While the present will recites that after the death of the testator's wife the estate is to be equally divided between his three daughters, "share and share alike in fee simple," it is followed by the following provision:

"In the event of the death of either of said daughters before my wife dies, then if such daughter leaves no lineal descendants, said property is to go and become the property in fee simple of the surviving daughter or daughters but if one or more of said daughters leave children, such children will take the place of the parents in this devise and shall have the part such parent had taken had she or they lived."

It is therefore clearly manifest that, while the devise to the daughters says in "fee simple" after the death of the wife, the last-quoted provision limits it to the survivorship of the testator's wife.

[3, 4] It will be noted that the fee simple is not to the daughters in præsenti, but only after the death of the wife, and the later provision was evidently intended to provide against a contingency in the event the wife survived the daughters or some of them. It is a well-established rule of construing wills that the intent of the testator is the chief thing to ascertain and which must be gathered from the will in its entirety and each clause or provision should be so interpreted as to avoid an irreconcilable conflict when reasonably susceptible of such a construction. On the other hand, should such a construction be impossible and there is a conflict, the first clause or provision should be disregarded and the later one adopted. Underhill on Wills, § 357; Thrasher v. Ingram, 32 Ala. 645; Wynne v. Walthall, 37 Ala. 43.

[5] We therefore hold that the wife and daughters took, under the will, a joint interest in the property during the life of the wife and upon the death of the wife it is to go in fee simple to the surviving daughters or to the descendants of such daughter or daughters, if any there be, in case any of said daughters do not survive the testator's wife.

[6] The will, as distinguished from a deed, was ambulatory, and the testator had the right to substitute the new wife in place of the old one under the terms of the original, or to make a new will if he saw fit. We fail to see how the case of Long v. Holden, 216 Ala. 81, 112 So. 444, has any bearing upon the codicil or on the other question either as that case was dealing with a deed. It is true, the opinion states, referring to another case, "it was there held that an habendum clause merely, with no granting clause or other equivalent, was ineffectual." Whether this rule applies to wills or not, it is sufficient to say that the present one contains apt words of devise and the substitution of the second wife in place of the deceased one in no wise affected the nature of the devise except as to one of the devisees, that is, the second wife.

The trial court did not err in sustaining the demurrer to the bill which was to the effect that Arthur Hugh Helms had a contingent interest in the property in case his mother did not survive the testator's wife, and the decree of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and BOULDIN, JJ., concur.