181 So. 92

### MONTGOMERY et al. v. MONTGOMERY.

### 5 Div. 276.

Supreme Court of Alabama.

April 21, 1938.

Rehearing Denied May 19, 1938.

---

[1] Post, p. 453.

R. C. Smith, of Opelika, for appellants.

164

Denson & Denson and L. J. Tyner, all of Opelika, for appellee.

**THOMAS, Justice.**

This appeal involves the construction of certain sections of a will.

A declaratory judgment under the act is invoked to that end. General Acts of 1935, p. 777; Bochard on Declaratory Judgments, pp. 64, 65, 512 et seq.; Teal et al. v. Mixon, 233 Ala. 23, 169 So. 477. Since it is a matter of public as well as private interest· that certainty prevail as to. the ownership and possession of property, where there are adverse claimants, a justiciable question, an actual controversy is presented under the act. Louis Walton Montgomery, Non Compos Mentis, by his Guardian ad litem, v. Lillian M. Montgomery, as Guardian of Louis Walton Montgomery, ante, p. 33, 180 So. 709.

The bill and answer present the fact under the decision of this court in Montgomery et al. v. Wilson et al., 189 Ala. 209, 66 So. 503, as affecting two grandsons of testator, brothers (L. Penn Montgomery and Louis Walton Montgomery), who were the objects of testator's consideration, solicitude and affection according to the tenor of the will. These grandsons were respectively twenty-four and twenty-six years of age at the date of testator's death, were soon thereafter married, established homes, and agreed upon a division of the estate between them, and went into possession thereof respectively. The two boys were in accord with the expressed desires of testator in making an amicable family settlement and division of said properties. The question of family settlements was discussed by this court in Betts v. Ward, 196 Ala. 248, 72 So. 110.

The facts averred are that L. Penn Montgomery departed this life intestate, and under the former decision his only child took title to the property delivered to him under the division or family settlement to which we have adverted.

It is further shown that Louis Walton Montgomery was adjudged a non compos mentis and has children. It is also averred that the burden and management of his estate, as well as the custody and care of his ·children, were ·upon his wife and guardian. Said estate consisted of extensive farm lands, business and residence property in or near Opelika in Lee county, Ala. The repairs and renting of business property, the operation of the farms, etc., the payment of taxes and insurance, and the general expense and support of said non compos mentis and family were to be made out of the income of the property.

From this it is apparent that confusion and uncertainty interfered with the guardian in handling the property and making usual, or long-time leases and investments.

It is now insisted that in the former decision, it was not necessary to determine the time when the title would become absolute and unconditionally vested in beneficiaries. We may look to the former· record to illustrate the decision. In the former case, appellees were claiming that the two devisees took only a life estate and that question arose under the terms of items 5 and 6 of the will. .It is insisted in this appeal that the full meaning of item 5 was not fully considered in the former opinion and that changing events now make it necessary to

know or further consider what testator's intention was under item 5, as it is to be adjudged by the familiar rules of construction that enter therein.

Counsel for appellants concedes that the facts are uncontroverted, but challenges the correctness of the final decree as a departure from the "law as announced heretofore in this same matter. Montgomery v. Wilson, 189 Ala. 209, 66 So. 503."

Appellants' insistence is thus stated: "There is no dispute about the facts in this case. * * * Therefore I deem it unnecessary to set out the facts here."

Appellants also insist that there is no reason to depart from the law heretofore announced in this same matter in Montgomery v. Wilson, 189 Ala. 209, 66 So. 503, and state that while it is true that L. Penn Montgomery died intestate since the above decision was announced and left surviving him one daughter, Jane Montgomery, and his widow, Sallie Kate Alsobrook, the death of L. Penn Montgomery could in no way change the interest of Louis Walton Montgomery in the property acquired through the will of Thomas L. Penn, except such interest as was conveyed to him by the deed of L. Penn Montgomery and his wife. Counsel for appellants states, "As I construe the law in the above cited case, Jane Montgomery has a vested contingent interest in the property of Louis Walton Montgomery, as claimed in her answer * * *; and Sallie Kate Alsobrook would inherit from Jane Montgomery any interest that she might have should Jane Montgomery die intestate leaving no child or children or other lineal descendants surviving her."

Thus the question is again propounded of the character or nature of the title devised or bequeathed to or provided for the grandchildren under the will of Mr. Thomas L. Penn, deceased.

We may here advert to say that the case of Louis Walton Montgomery, Non Compos Mentis, by his Guardian ad litem v. Lillian M. Montgomery, as Guardian of Louis Walton Montgomery, supra, involved the validity of the appointment and acts of Lillian M. Montgomery as guardian of Louis Walton Montgomery, her husband, the non compos mentis named in that proceeding. It was held in that decision that Lillian M. Montgomery was duly appointed and authorized to act in behalf of Louis Walton Montgomery, the adjudged non compos

mentis. The question presented in that case is not involved in this decision.

There are certain cardinal rules of testamentary construction that are well established by our decisions. Watters v. First Nat. Bank of Mobile, 233 Ala. 227, 171 So. 280; Frazer v. First Nat. Bank of Mobile, Ala.Sup., 178 So. 441;[1] Betts v. Renfro et al., 226 Ala. 635, 148 So. 406; Pearce v. Pearce, 199 Ala. 491, 74 So. 952; Montgomery v. Wilson, 189 Ala. 209, 66 So. 503; Duncan v. De Yampert, 182 Ala. 528, 62 So. 673.

The rule of testing and judging vested and contingent estates is stated in the following recent decisions: Crawford v. Carlisle, 206 Ala. 379, 89 So. 565; Betts v. Renfro, supra; Watters v. First Nat. Bank of Mobile, 233 Ala. 227, 235, 171 So. 280.

It is further declared that the law favors the construction by which estates are vested rather than contingent or by which it becomes vested at the earliest possible period of time, if this can be given application within the four corners of the will and not do violence to the intention of testator evidenced thereby. See authorities cited above and Ralls v. Johnson, 200 Ala. 178, 75 So. 926.

It is established that in the construction of wills the courts will look to the condition of testator's family and estate in order to judge as near as possible the position of testator under all the circumstances to correctly interpret doubtful or ambiguous expressions or clauses in the ascertainment and declaration of testator's intention and will in the premises if not contrary to law. Roberts v. Cleveland, 222 Ala. 256, 132 So. 314; Fowlkes et al. v. Clay et al., 205 Ala. 523, 88 So. 651; Castleberry v. Stringer, 176 Ala. 250, 57 So. 849; Reid et al. v. Armistead et al., 228 Ala. 75, 151 So. 874; 29 R.C.L. 270, § 244.

The intent of testator and effect thereon is to be determined as of the date of execution and probate of Mr. Penn's will, viz., January 5, 1911, and June, 1911.

The effect of the decision in Montgomery et al. v. Wilson, supra, was to invest his grandsons named with a base fee in the properties devised and bequeathed, subject to be divested by the event of death without lawful issue in terms specifically indicated in items 5 and 6 of the will of the grandfather and testator. This construction has

[1] 235 Ala. 252.

**166**

been cited with approval in Powell v. Pearson, 220 Ala. 247, 252, 125 So. 39.

■ It is unnecessary perhaps to say that a "base fee" is an estate or fee which has a qualification subjoined thereto and which must be determined whenever the qualification annexed to it is at an end. 2 Bl. Comm. 109; Black's Law Dictionary, Base Fee, p. 123. Mr. Penn had the right within the law to fix the terms of the conditions subsequent deemed to be pertinent.

We are not in accord with the view now insisted upon that the time of final vesting of the estate was on the date of April 23, 1916, but that the conditions subsequent as to final vesting of the estate are to be found in sections 5 and 6 of Mr. Thomas L. Penn's will. It results from this that the decision of the circuit court is not in accord with the views now expressed or heretofore announced in the former decision by Mr. Justice De Graffenried for this court.

The decree of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

