20 So.2d 792

**FILLMORE v. YARBROUGH et al.**

**8 Div. 296.**

Supreme Court of Alabama.

Feb. 1, 1945.

376

M. F. Lusk, of Guntersville, for appellant.

T. Harvey Wright, of Guntersville, for appellees.

FOSTER, Justice.

The trial court sustained a demurrer to the bill filed by appellant, and dismissed it as being without equity in not showing that she has a right to relief sought. The purpose of the bill and the prayer for relief are that the court will construe the will of her husband long since dead, and determine that under it she acquired an absolute fee so as to entitle her to sell the timber on the land, and be controlled by section 76, Title 47, Code.

The trial court took the view that the will is not susceptible to a favorable construction to that end, and therefore that she was not entitled to go further with the suit, and dismissed it.

We are confronted at the outset with the question of the power of the court to make a construction of the will. There is no administration pending. The suit is not by the trustee or executor seeking guidance of the court in the administration of the trust. It is by a legatee and against legatees whose sole purpose is to obtain a declaration as to the meaning of the will to control them each respectively in their power to dispose of the property or an interest in it, and their respective rights to it.

■ Not considering the declaratory judgments act, section 156 et seq., Title 7, Code of 1940, enacted in 1935, see page 777,—a legatee under a will or the beneficiary of a trust cannot seek a construction of it unless the bill invokes some other principle of equitable cognizance to aid that claim. Gilmer v. Gilmer, 245 Ala. 450, 17 So.2d 529; Hawkins v. Tanner, 243 Ala. 641, 11 So.2d 351; Upshaw v. Eubank, 227 Ala. 653, 151 So. 837.

■ But under the declaratory judgments act, supra, the court takes jurisdiction of an actual controversy as to a justiciable question, and settles it though in doing so, it must construe a will when there is no other equity to confer jurisdiction on the court. Montgomery v. Montgomery, 236 Ala. 161, 181 So. 92; Teal v. Mixon, 233 Ala. 23, 169 So. 477.

■■ The justiciable question in the instant bill is to quiet the title to land. The bill sets out an actual controversy as to the rights of the parties in respect to its ownership and disposition. It shows therefore that complainant has an equitable right to have the will construed. When so, it is usual to require an answer and hearing on the pleadings and proof, and not to reach that construction by acting on a demurrer. Gilmer v. Gilmer, supra (3); Hawkins v. Tanner, supra (6).

■ In construing a will the intention of the testator must be ascertained not alone from the language of it when it is ambiguous, but from the language in connection with existing facts and circumstances known to the testator at the time of drafting it. Wiggins v. Wiggins, 241 Ala. 333, 2 So.2d 402; Montgomery v. Montgomery, supra; Thomas v. Reynolds, 234 Ala. 212, 174 So. 753; Hammond v. Bibb, 234 Ala. 192, 174 So. 634.

■ Here the will is clearly ambiguous. The first part of the devise imports an absolute fee to the wife; but following it is a provision conferring a power to use the income for her expenses, and "what remaining" is given over to others. If the provision for "what remaining" relates to the land, then under the case of Schowalter v. Schowalter, 217 Ala. 418, 116 So. 116, and others therein cited, it would mean a life estate with power of disposition for expenses, with limitation of a future estate in what is not disposed of. If "what remaining" refers only to the "income on the farm and money mentioned," there would seem to be no limitation on the absolute fee in the land, as previously expressed, unless the power to use the income has meaning in that respect. What the testator meant in this connection may be aided by the collateral matters of fact.

The court would like to know the value of the income from the land at the time the will was drawn; the value of the land at that time; the amount then thought to be necessary for her support, not including a second husband; whether she had other sources of income, her age and physical condition; the ages of the children and their dependence at the time, the amount of their legacy under the will; and any other matter which would be influential in finding out what the testator was trying to do.

The bill ought to make such allegation and the answer form an issue on them. But

378

the bill should not be dismissed. As an aid to the interpretation to such a will, we refer to the cases of Schowalter v. Schowalter, 217 Ala. 418, 116 So. 116; id. 221 Ala. 364, 128 So. 458 (9); Bradberry v. Anderson, 240 Ala. 681, 200 So. 762; Morgan County Bank v. Nelson, 244 Ala. 374, 13 So.2d 765; Evins v. Cawthon, 132 Ala. 184, 31 So. 441; Flinn v. Davis, 18 Ala. 132.

We also observe that it has been held that a power of disposition such as is granted in this will is not absolute under sections 76, and 79, Title 47, Code, mentioned in the bill. Winn v. Winn, 242 Ala. 324, 6 So.2d 401. That case takes no account of that of Mims v. Davis, 197 Ala. 88, 72 So. 344. They may not be harmonious. It seems immaterial for the present purposes however whether or not the power to sell is absolute under sections 76, 77, 78 and 79, Title 47, Code, when it is given to raise funds for a particular purpose. Although it may not be absolute, as held in the Winn case, supra, the purchaser gets a good fee simple title when the power of sale exists, and it is exercised in good faith. But such a power of sale does not confer on the donee an absolute fee as to that not sold, when she is given a life estate, or when it is subject to a future estate, by the express language of the statute.—Sections 76 and 77, Code; Reeves v. Tatum, 233 Ala. 455, 172 So. 247.

The question here is whether there is a power of sale as to the land or any part of it, not so much as to her interest in what remains. If there is a future estate limited on the devise to complainant, that estate is not affected by the power of disposition, except that which is sold is free of that limitation.

Complainant has leave to amend the bill in thirty days.

Reversed and remanded.

GARDNER, C. J., and THOMAS and STAKELY, JJ., concur.