110 So.2d 282

**L. D. PACK**

v.

**Marion PACK et al.**

7 Div. 419.

Supreme Court of Alabama.

March 12, 1959.

Roy D. McCord and L. D. Martin, Gadsden, for appellant.

**36**

W. M. Beck, Fort Payne, for appellees.

STAKELY, Justice.

This is an appeal from a decree sustaining the demurrer to a bill in equity filed by L. D. Pack against Marlon Pack, Doogan Adams and the Federal Land Bank of New Orleans, Louisiana, a corporation. The decree also dismissed the bill.

The allegations of the bill show substantially in part the following. On October 30, 1940, J. O. Pack executed his last will and testament, a copy of which is attached to the bill of complaint, marked Exhibit A and made a part thereof. Thereafter J. O. Pack died and on the 30th day of June 1941, the will was duly admitted to probate. At the time of the execution of the will and at the time of his death J. O. Pack owned certain real estate aggregating about 65 acres located in DeKalb County, Alabama.

We quote the second and third paragraphs of the will:

"Second: It is my will and I do hereby Will and bequeath to my wife Nancy Pack, all my Real estate comprising of 65 acres of land the said land being described in my deeds. It is also my will and desire that she have all my personal property to-wit one Cow and all our household and kitchen furniture and that she shall be well cared for during her entire life.

"Third: It is my will and my wishes should my wife out live me that at my death she should select some one of the children to live with and to take care of her, and that such child should provide for her well and treat her kindly, furnishing her with food and clothes and at her death they are to defray all her funeral expenses and the Doctor expenses and as a compensation for such service, at her death it is my will that such child shall have all the estate both Real and personal which my (may) be left, and that title to the lands shall pass to them without requiring any deed from the other heirs." (Parenthesis supplied.)

After the probate and recording of the will J. O. Pack's widow, Nancy Pack, selected one of her children, W. V. Pack, and went to live with him. Shortly thereafter she conveyed to her son, W. V. Pack, the aforesaid 65 acres of land with the provision that W. V. Pack care for her during her lifetime. Later, early in 1955 when W. V. Pack desired to secure a loan from the Federal Land Bank of New Orleans, Louisiana, she executed to W. V. Pack a quitclaim deed. The loan was secured and a mortgage given on the aforesaid land to the Federal Land Bank of New Orleans. This mortgage is still outstanding.

Shortly thereafter on April 21, 1955, W. V. Pack died and therefore was no longer able to carry out the provisions of his father's will namely to care for his mother

during her lifetime. Thereupon Nancy Pack came to L. D. Pack (appellant), another son, and selected him to care for her during the balance of her lifetime. L. D. Pack accordingly took care of his mother the remaining two years of her life. He paid the medical bills incurred by her and paid her funeral expenses, a combined total of $2,500.

We now set out the following paragraphs which appear in the bill.

"1–B Complainant further avers that in Paragraph Third of the Will of J. O. Pack, a copy of which said Will is attached to the original Bill of Complaint and made a part thereof in this cause, the Testator, J. O. Pack, specifically provided that as compensation for providing and caring for his widow, to-wit, Nancy Pack, by one of his children to be selected by Nancy Pack, and in such event coming to pass that at the death of the said Nancy Pack the estate or the remainder of the estate of said J. O. Pack should pass to that child selected by Nancy Pack providing he had cared for and paid for her food, clothing, funeral and Doctor's expenses during the period intervening between the death of J. O. Pack and the death of Nancy Pack and Complainant avers that in these provisions set out herein of said Will a trust was created in the lands and property owned by J. O. Pack at the time of his death and that even though under Paragraph Second of the Will hereto attached a power of sale may have existed, that when Nancy Pack deeded by Quit Claim Deed as heretofore set forth in Paragraph Four herein the property which is the basis of this suit to W. V. Pack, said power of sale was not exercised in good faith as said Deed was not executed for the purpose of Carrying out the provisions of said Will nor the will and intent of the testator, J. O. Pack, but was so executed for the sole purpose of allowing her said son, the said W. V. Pack, to borrow money and said conveyance, as a matter of fact, was contrary to and repugnant to the provisions of said Will and the trust created thereby under which and by the authority of which the said Nancy Pack was acting at the time. Said conveyance was therefore void and of no effect, of which the Respondents, The Federal Land Bank of New Orleans, Louisiana, a Corporation, and Doogan Adams, had notice by reason of said Will having been probated and admitted to record as set forth in Paragraph Two of the original Bill of Complaint in this cause.

"2–B Complainant further avers that upon the death of W. V. Pack, Nancy Pack then came to the Complainant, also the son of Nancy Pack and J. O. Pack, who furnished the said Nancy Pack with food and clothing and provided for her and treated her kindly and at her death defrayed all her funeral and doctors' expenses in accordance with the wishes of the Testator, J. O. Pack, as set forth in Paragraph Third of the Will hereto attached and complainant further avers that in equity and good conscience this Honorable Court should declare the lands deeded by Nancy Pack to W. V. Pack to be held in trust for the Complainant in this cause as the said W. V. Pack did not fulfill and discharge the trust established by his father's Will and Nancy Pack could not and did not discharge said trust by deeding the property to W. V. Pack for the purpose and under the circumstances hereinbefore set forth but that Complainant has completely discharged said trust in every respect and is therefore entitled to said lands."

Upon the death of W. V. Pack his only child, Marlon Pack, one of the defendants herein, claimed title to the aforesaid lands by inheritance from his father and sub-

sequently conveyed the aforesaid lands to another defendant, Doogan Adams, who began removing timber from the lands. Thereupon this suit was filed by L. D. Pack (appellant).

The bill prays that the court construe the will of J. O. Pack and among other things hold

That the will of J. O. Pack created a trust in the lands which he owned at the time of his death for the purpose of taking care of his widow, Nancy Pack, and that said trust was irrevocable and could not be discharged by said widow.

That under said trust, the said Nancy Pack had a right to select a child as provided in said will to live with her and that at the death of that child, she had the right to select another child to care for her, and that the value of said land is liable for the entire trust, including the reasonable value of the services of the last child so selected, pro rata with the value of the property and the services rendered by each child so selected.

That the respondents, The Federal Land Bank of New Orleans, Louisiana, and Doogan Adams are not innocent purchasers because of the notice provided by the recordation of the will of J. O. Pack.

That said lands be sold by the Register of this Court for distribution under the trust created by said will and that any portion of said purchase price going to Marlon Pack or Doogan Adams, be declared to be the property of the Respondent, The Federal Land Bank of New Orleans and paid to it to the extinguishment of said mortgage.

That the Complainant be paid for the reasonable care of his mother from the time her selection of her son W. V. Pack failed because of his death, provided the entire value of the land plus the waste created upon it is of sufficient value to pay both the Complainant and his brother W. V. Pack, and, if not, then he be paid the portion of his claim which it bears to the entire expense of said trust.

That the title to said land did not pass by the execution of any deeds or mortgage made after the death of J. O. Pack and before the death of his widow, Nancy Pack, but passed as provided in said will only upon and after the death of Nancy Pack.

The bill also prays for general relief.

■ I. This court has held in effect that under the declaratory judgment act the court takes jurisdiction of an actual controversy as to a justiciable question and settles it though in doing so it must construe a will, when there is no other equity to confer jurisdiction on the court. Fillmore v. Yarbrough, 246 Ala. 375, 20 So.2d 792.

■ The justiciable question in the instant case is to determine the rights of the parties claiming under the quitclaim deed from Nancy Pack to W. V. Pack and the rights of appellant by reason of his support and maintenance of Nancy Pack during the last two years of her life.

■ II. This court has further held that when the bill shows a right to have a will construed, it is usual to require an answer and hearing on the pleadings and proof and not to reach that construction by acting on a demurrer. Fillmore v. Yarbrough, supra.

■■ We have taken this view of the matter because if a will is ambiguous the intention of the testator must be ascertained not alone from the language of the will but from the language of the will in connection with existing facts and circumstances known to the testator at the time of drafting the will. Fillmore v. Yarbrough, supra; Wiggins v. Wiggins, 241 Ala. 333, 2 So.2d 402. We add that for the purpose of aiding the court in arriving at the intention of the testator, proof of his declarations at or about the time of the

execution of the will is admissible. Smith v. Nelson, 249 Ala. 51, 29 So.2d 335.

III. We think it is obvious that the will involved here is ambiguous. In the second paragraph of the will it appears that J. O. Pack deeded the lands involved to his widow, Nancy Pack, in fee simple. But when the second paragraph of the will is taken in connection with the third paragraph of the will, it seems that the testator may have had in mind creating a life interest in his widow, Nancy Pack, with the power of disposition, but as held in Fillmore v. Yarbrough, supra, in referring to §§ 76 and 79, Title 47, Code of 1940, in order to proceed upon the theory that the purchaser gets a good fee simple title when the power of sale exists, it must appear that such power was exercised in good faith. While there is an allegation in the present bill that the deed from Nancy Pack to W. V. Pack was not executed in good faith, there is no allegation in the bill that Doogan Adams or the Federal Land Bank of New Orleans had notice that the deed executed by Nancy Pack was not executed in good faith. Winn v. Winn, 242 Ala. 324, 6 So.2d 401. It is true that the probate of the will may serve as notice of the contents thereof insofar as that affects the situation here, but notice of the contents of the will is not the same as notice to Doogan Adams or the Federal Lank Bank of New Orleans that the deed was not executed by Nancy Pack in good faith.

As we have heretofore shown, this is a bill for a declaratory judgment and we have pointed out the justiciable question as appears from the allegations of the bill. We have often said that where the bill shows a bona fide justiciable controversy which should be settled, the bill states a cause of action for declaratory judgment and the test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all. Alabama State Milk Control Board v. Graham, 250 Ala. 49, 33 So.2d 11; City of Bessemer v. Bessemer Theatres, 252 Ala. 117, 39 So.2d 658.

While we have pointed out that there is no allegation in the bill that Doogan Adams or the Federal Land Bank of New Orleans had notice that the deed executed by Nancy Pack was not executed in good faith, we still think that the demurrer to the bill should be overruled and that a declaration of rights, including the construction of the will. of J. O. Pack, deceased, should be made after an answer has been filed and the parties have had an opportunity to present evidence.

It results that the judgment of the lower court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.