120 So.2d 741

**C. C. FOSHEE, Adm'r et al.**

v.

**Anna T. MITCHELL, Adm'x.**

5 Div. 726.

Supreme Court of Alabama.

May 19, 1960.

534

A. B. Foshee, Clanton, for appellants.

Reynolds & Reynolds, Clanton, for appellee.

MERRILL, Justice.

This is an appeal from an interlocutory decree overruling demurrer of appellants to a bill of complaint, as amended.

The bill was filed by Anna T. Mitchell, individually and as administratrix, with will annexed, of the estate of P. F. Mitchell, and the respondents are C. C. Foshee, a joint or co-administrator, and the next of kin of P. F. Mitchell, deceased.

The bill avers that the complainant and C. C. Foshee were both appointed administratrix and administrator, with the will annexed of the estate of P. F. Mitchell; that the proceedings were later removed to equity; that the testator and his widow had no children; that there has been a partial settlement and that the will, which devised to complainant "for the duration of her life, all of my property both real and personal, and everything of value, that I may own or possess at the time of my death," is ambiguous and of uncertain meaning in that "the meaning is not clear whether the testator bequeathed to your complainant, as his wife, the corpus of the personal estate or whether the testator bequeathed to your complainant the income and profit of said personal estate and your complainant avers that said will is of doubtful construction and is ambiguous or of doubtful meaning, in that, the terms of said will are not clear whether your complainant, as testator's wife, was given the corpus of the personal estate with the right in your complainant to use and consume and extinquish said estate or whether said will bequeaths to your complainant only the income and the profit from said personal estate and your complainant avers that there exists a necessity for the construction of said will since in order that your complainant may know her rights under the will and what property she takes by virtue of said will."

The bill further avers that the estate is in proper condition for settlement. The prayer seeks a construction of the will and a declaration as to the rights of the widow and prays for guidance that the administratrix may properly interpret and follow the will.

A demurrer was filed to the bill as a whole and to its several aspects. The decree overruled the demurrer generally, and when so, the decree constitutes only a ruling on the demurrer to the bill as a whole, and we consider only grounds going to the bill as a whole which are argued in brief for appellants. Wilson v. Crocker, 267 Ala. 26, 99 So.2d 190, and Davis v. Davis, 263 Ala. 42, 81 So.2d 314.

The body of the will contains only three sentences, which are as follows:

"I direct that all my just debts, if any I may owe, and my burial expenses, be paid out of the funds or property that I may possess at the time of my death, as soon as is practicable and convenient to be done. After payment of such debts and expenses, I hereby give and bequeath to my beloved wife, Anna T. Mitchell, for the duration of her life, all of my property both real and personal, and everything of value, that I may own or possess at the time of my death. I do hereby expressly exempt her from the necessity of taking out letters of administration as executrix of this my last will and testament; also from making any bond for the execution of this will, and from the making of any report to any court, of her actions hereunder."

Appellant contends that the bill does not contain equity because the will is not ambiguous and requires no construction. These points were raised by the demurrer.

**536**

Title 7, § 159, Code 1940, authorizes an administrator to have a declaration of rights concerning the construction of a will, and under the Declaratory Judgment Act, the court takes jurisdiction of an actual controversy which presents a justiciable question, and no other equity is necessary to confer jurisdiction on the court. Pack v. Pack, 269 Ala. 35, 110 So.2d 282; Greenley v. Bynum, 266 Ala. 584, 97 So. 2d 893; Fillmore v. Yarbrough, 246 Ala. 375, 20 So.2d 792; Montgomery v. Montgomery, 236 Ala. 161, 181 So. 92.

Ordinarily, a declaration of rights is not made on demurrer, and a demurrer to a bill is properly overruled when a justiciable controversy is presented. City of Mobile v. Jax Distributing Co., 267 Ala. 289, 101 So.2d 295, and cases there cited.

The question presented is whether this sentence of the will is so clear and unambiguous that no construction of the will is required and the administratrix would have no reason to ask for the guidance or instruction of the court regarding its construction:

"* * * After payment of such debts and expenses, I hereby give and bequeath to my beloved wife, Anna T. Mitchell, for the duration of her life, all of my property both real and personal, and everything of value, that I may own or possess at the time of my death."

The following questions immediately come to mind: does the widow take only a life estate in the personal property and the real estate, or either of them, with the right to use only the income thereof; or is it an absolute gift to the widow; or can the widow sell the estate for her maintenance; and, what is the effect of the absence of a provision for remainder over?

It is evident that a justiciable question is presented, and that the co-administrator has adequate grounds upon which to base a request for construction. It follows that the trial court correctly overruled the demurrer.

We have often said that where the bill shows a bona fide justiciable controversy which should be settled, it states a cause of action for declaratory judgment, and the test of the sufficiency of a bill or complaint in a declaratory judgment proceeding is not whether the bill shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all. Pack v. Pack, 269 Ala. 35, 110 So.2d 282, and cases there cited.

Affirmed.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.