136 So.2d 886

**Betty Jean CURLEE**

v.

**Jacob G. WADSWORTH et al.**

**3 Div. 970.**

Supreme Court of Alabama.

Jan. 18, 1962.

Godbold, Hobbs & Copeland, Montgomery, for appellant.

Rushton, Stakely & Johnston, Montgomery, for appellees.

MERRILL, Justice.

This appeal is from a decree sustaining a demurrer to a bill of complaint. The appeal was taken prior to September 15, 1961, the approval date of the act abolishing such appeals.

The bill sought a construction of Item 2 of the will of M. S. Wadsworth, which was probated in Autauga County in 1912. The trial court sustained the demurrer on the ground that the provisions of Item 2 violated the Alabama rule against perpetuities, as that rule existed in 1912, in so far as appellant was concerned.

The statute then in effect was § 3417, Code 1907, which provided:

"Lands may be conveyed to the wife and children, or children only, severally, successively, and jointly; and to the heirs of the body of the survivor, if they come of age, and in default thereof, over; but conveyances to other than the wife and children, or children only, cannot extend beyond three lives in being at the date of the conveyance, and ten years thereafter."

The pertinent part of Item 2 of the will reads:

"I give, devise and bequeath to my beloved wife, Mary C. Wadsworth, for life with the remainder over to the children of the said Mary C. Wadsworth, or that may be born to her as the result of her marriage with me, for life, with remainder over to the heirs of their body, * * * my Pope place, * * *. To have and to hold all of said real and personal property to my said wife, Mary C. Wadsworth, so long as she lives, and at her death to the children of my said wife, Mary C. Wadsworth, that have been born to her as the result of her marriage with me, and to such other child or children that may thereafter be born to my said wife, as the result of her marriage with me, so long as they shall live, with remainder over to the heirs of their body, and in the event of the death of any child born, or that may hereafter be born to my said wife, Mary C. Wadsworth, as the result of her marriage with me, without descendants, the portion of said child shall go to the living children born or that may hereafter be born to my said wife, Mary C. Wadsworth, as the result of her marriage with me for life, with remainder over to the heirs of their body. * * *"

Appellant is a grandchild of the testator, being a child of one of the several children of M. S. and Mary C. Wadsworth. Appellant, claiming to be a remainderman under the will, joined as parties respondent the now living children and grandchildren of M. S. and Mary.

After alleging the probate of the will, setting forth its provisions, and alleging the interests of the parties in the subject matter of the litigation, the amended bill further alleges that the demurring respondents:

"* * * have, between themselves, construed the will of M. S. Wadsworth as vesting a fee simple title to the Pope Place in the children of M. S. and Mary C. Wadsworth subject only to a life estate in Mary C. Wadsworth which terminated at the death of the said Mary C. Wadsworth in the year, to wit, 1942. That said respondents are in possession of portions of the Pope Place and said possession, coupled with the construction placed by said respondents upon the will of the said M. S. Wadsworth, jeopardizes your complainant's interest as a remainderman under said will."

The bill prays among other things that the fee of the Pope Place be declared to be in the grandchildren subject to the life interests of the children.

Appellees argue that the use of the word "or" in the granting or devising clause violates § 3417, Code 1907, in that it is not absolutely certain that the future interests devised will vest within the prescribed period, i. e., three lives in being and ten years thereafter. We again quote that clause:

"I give, devise and bequeath to my beloved wife, Mary C. Wadsworth, for life with the remainder over to the children of the said Mary C. Wadsworth, *or* that may be born to her as the result of her marriage with me,

for life, with remainder over to the heirs of their body, * * *."

It can readily be seen that the bequest of "the remainder over to the children of the said Mary C. Wadsworth" could include children of Mary by an earlier husband than the testator and she could have had as many as four living children at the time of the testator's death. This fact would have extended the vesting of the future interests beyond three lives in being and ten years thereafter.

The same result could be reached if Mary married after the testator's death and had children by the second marriage.

Following this devise, the testator used the word "or" and then described a class that would not be in violation of the statute, namely, to his and Mary's children and "to the heirs of their body."

The "habendum clause" following "my Pope place" shows that the devisees are limited in two instances to Mary's children born "as the result of her marriage with me." This part of Item 2 is definitely not violative of the rule against perpetuities under § 3417, Code 1907.

Appellant, in oral argument, conceded that if the will is construed to apply to a child of Mary, not fathered by the testator, then it does violate § 3417, Code 1907. But appellant contends that a reading of Item 2 as a whole shows that a different construction can be given to the will.

In a fine article by Professor W. Barton Leach, "Perpetuities In A Nutshell," 51 Harvard Law Review 638, at 642, we read:

"A future interest is invalid unless it is absolutely certain that it must vest within the period of perpetuities. Probability of vesting, however great, is not sufficient. Moreover, the certainty of vesting must have existed at the time when the instrument took effect (*i. e.,* the testator's death in the case of a will; the date of delivery in

the case of a deed or trust). It is immaterial that the contingencies actual-ly do occur within the permissible period or actually have occurred when the validity of the instrument is first litigated."

Under this statement, the devise to Mary's children was too uncertain. But the succeeding sentences would not render it too uncertain.

The appellant is a "person interested" under the will as described in our declaratory judgment statute, Tit. 7, § 159, and is entitled to have the will construed in this action. Robinson v. Robinson, ante, p. 192, 136 So.2d 889.

It is well settled that it is usual for the court to require an answer and hearing on the pleadings and proof, and not to proceed with a construction of the will by acting on a demurrer. Fillmore v. Yarbrough, 246 Ala. 375, 20 So.2d 792; Gant v. McCarty, 242 Ala. 350, 6 So.2d 17.

The fundamental rule in the construction of wills is that the intention of the testator is the controlling factor, and his intent must be gathered from the will in its entirety, and each clause or provision should be so interpreted as to avoid an irreconcilable conflict when reasonably susceptible of such a construction. Sewell v. Byars, 271 Ala. 148, 122 So.2d 398; Orr v. Helms, 217 Ala. 603, 117 So. 61.

We hold that the bill shows that appellant is entitled to have a construction of the will; that Item 2 of the will requires a construction, that an answer and testimony will probably aid the trial court in construing the will, and that the will in this case should not be construed on demurrer. It follows that the decree of the lower court is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.