136 So.2d 889

**Mary Cecil Reese ROBINSON et al.**

v.

**Edward B. ROBINSON et al.**

**3 Div. 979.**

Supreme Court of Alabama.

Jan. 18, 1962.

Jones, Murray & Stewart, Montgomery, for appellants.

H. T. Fitzpatrick, Jr. and Woodley C. Campbell, Montgomery, for appellees.

194

MERRILL, Justice.

This is an appeal by three of nine respondents from an interlocutory decree overruling demurrers to a bill for declaratory judgment. The appeal was taken prior to September 15, 1961, the approval date of the act abolishing such appeals. Decrees pro confesso were taken against the six respondents who did not appeal.

The bill for declaratory judgment was filed in the Circuit Court of Lowndes County by five adult complainants and one minor complainant. Adult complainants are the living children of George Robinson. The minor is. a child of a deceased son of George Robinson. The respondents are all the other heirs and devisees of E. W. Robinson, Sr., deceased, and Pickett Robinson, deceased.

The bill seeks an interpretation of Item 6 of the will of E. W. Robinson, Sr., which was probated in Lowndes County in 1937; seeks an interpretation of the will of the said Pickett Robinson, which was probated in Lowndes· County in 1959, and prays· for ancillary relief in the form of damages˙ for waste to real property described in both wills.

The bill shows that E. W. Robinson, Sr., in 1937, devised the McCarty Place (about 1,500 acres) to his son Pickett for life, and further provided if he die without a child, one-half of this property was to go to appellees (heirs of George Robinson) and the other one-half to appellant Mary Cecil Reese Robinson (Pickett's widow) for her life, and on her death, this one-half was also to vest in appellees; that during his lifetime, Pickett removed timber and gravel from the McCarty Place and his widow and executrix did the same thing after his death; that just prior to his death, Pickett attempted to adopt appellant, George Marlow Reese, Jr., which proceeding was not completed, and he also entered into an adoption contract for the adoption of George; that Pickett died in 1959, and in ·his will, provided that "it is my will that title to that real estate held by me for life pass to the said George Marlow Reese, Jr. at my death;" that appellant Reese now claims to own the McCarty Place in fee simple by virtue of E. W. Robinson's, Sr. will, by the uncompleted adoption, by the contract of adoption, and by the will of Pickett Robinson; and that appellees insist that they own the property subject to the life interest of Pickett's widow in one-half of the McCarty Place. Appellees make this claim because they contend that Pickett died in 1959, leaving no "child" as defined in Item 6 of their grandfather's will in 1937.

Item 6 of the will provides:

"I will and devise and bequeath unto my son, A. Pickett Robinson all of my lands known as the 'McCarty Place' excepting the 125 acres more˙ or less . thereof lying West and North of the gravelled road, herein above devised to my son Eli W. Robinson, in Item 4 of this Will, said lands to be held and enjoyed by my said son, A. Pickett Robinson for and during the ˙ term of his natural life, and after his

death, if he dies without children (or child) and before his wife dies, she, his wife to hold for and during the term of her life or until she marry again, their residence and one half of said McCarty Place; that after the death of my said son A. Pickett Robinson, leaving no child or children, or descendants thereof, one half of said McCarty Place, shall then vest in equal shares, share and share alike, in the children of my son George Robinson, and, that after the death of, or the marriage of the widow of said A. Pickett Robinson, the other half of said McCarty Place, together with the residence, shall also descend to and vest in the children of my said son George Robinson, equally share and share alike. I also give and bequeath to my said son A. Pickett Robinson all of the farming implements, livestock and other personal property owned by me and located on said McCarty Place at the time of my death, and used in the cultivation of said place."

The trial court overruled the demurrer and in his opinion stated:

"That under Item 6 of the will of E. W. Robinson, Sr., as set out in the bill of complaint, as amended, A. Pickett Robinson took only a life estate in that part of the McCarty Place disposed of in said Item of said will."

■ The decree of the trial court was general, even though the demurrer was addressed to the bill as a whole and to five so-called aspects. The effect of such a ruling was a ruling only on the demurrer to the bill as a whole, and if any aspect were good, the decree is due to be affirmed. Rowe v. Rowe, 256 Ala. 491, 55 So.2d 749; McCary v. Crumpton, 263 Ala. 576, 83 So. 2d 309; Foshee v. Mitchell, 270 Ala. 533, 120 So.2d 741.

■ Appellees are persons interested in the will of E. W. Robinson, Sr. and are entitled to a declaration of rights under Tit. 7, § 159, Code 1940: Foshee v. Mitchell, supra; Curlee v. Wadsworth, post, p. 196, 136 So.2d 886.

■ The bill shows a justiciable controversy and it is abundantly clear that a construction of two wills and possibly an adoption contract will have to be made before this cause can be determined. Since the declaratory judgment feature of the bill contained equity, the demurrer was properly overruled. Foshee v. Mitchell, supra.

Appellants argue that the trial court was in error in stating that it was his opinion that A. Pickett Robinson took only a life estate in the McCarty Place.

■ We recognize the rule that a court does not usually construe a will on demurrer, Curlee v. Wadsworth, supra; Fillmore v. Yarbrough, 246 Ala. 375, 20 So.2d 792. Although the trial court's announcement that Pickett took only a life estate under the, his father's will, may have been premature, no prejudicial error intervened; and it probably benefited all parties to know the trial court's thinking, based upon the bill and the exhibits thereto, prior to the hearing of the case on the merits.

■ We have already shown that the demurrer was properly overruled and we have repeatedly held that a correct decision will not be disturbed because the court gave a wrong or insufficient reason therefor. Cherokee County v. Cunningham, 260 Ala. 1, 68 So.2d 507; 2 Ala.Dig. 671, Appeal and Error ⊕854(2).

■■ Ordinarily where a bill for declaratory relief shows a bona fide justiciable controversy which should be settled, the demurrer thereto should be overruled and a declaration of rights made and entered only after answer and on such evidence as the parties may deem proper to introduce on submission for final decree. The test

of the sufficiency of such a bill is not whether the complaint shows that the complainant will succeed in getting a declaration of rights in accordance with his theory or contention, but whether he is entitled to a declaration of rights at all. Curjel v. Ash, 263 Ala. 585, 83 So.2d 293; Foshee v. Mitchell, 270 Ala. 533, 120 So. 2d 741.

Having decided that the bill does contain equity and that a bona fide justiciable controversy is presented, it follows that the demurrer was properly overruled.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.