143 So.2d 438

**EAST GADSDEN BANK**

v.

**G. H. BAGWELL.**

**6 Div. 818.**

Supreme Court of Alabama.

June 14, 1962.

Geo. I. Case Jr., and McGowen & Mc-Gowen, Birmingham, for appellee.

Frank Donaldson, Birmingham, T. J. Carnes, Albertville, and Barnes & Smith, Gadsden, for appellant.

MERRILL, Justice.

Appellant filed a bill for declaratory judgment against appellee Bagwell and Charles Thompson, and wife, and for the determination of the priority of liens, and asked for an injunction pendente lite. A temporary restraining order was issued by the trial court and a hearing set on the application for the temporary injunction. At the hearing, appellee Bagwell filed a motion to dismiss the bill. No other responsive pleading was filed by the appellees. Following the hearing, the trial court entered a decree denying the application for a temporary injunction and dismissed the bill of complaint. From this decree, appellant appealed. The Thompsons filed no brief on appeal.

The bill of complaint shows that appellant is a bank operating in Gadsden, in Etowah County, and appellee is an individual owning a building in Birmingham, in Jefferson County. In 1958, appellee leased the property to Charles Thompson and wife for $200 per month and they operated a cafe on the premises. The lease was to expire on May 31, 1961.

In 1959, the Thompsons sold their business to one Dickey, who executed a note and mortgage to them, which they later assigned to one Miles, and Miles assigned same to appellant in 1960. Upon default, appellant filed a detinue suit in Jefferson County and recovered possession of the property. In December, 1960, appellant sold this equipment back to the Thompsons and took their notes and a purchase money mortgage as security for the unpaid balance. As part of the transaction, appellant made a check payable to appellee and Thompson for $600, which paid rent for the months of November and December, 1960, and January, 1961. The property never left the premises owned by appellee during all of these transactions.

Appellant foreclosed the Thompson mortgage in September, 1961, and became the purchaser of the property. But in May, 1961, the Thompsons became delinquent in their rent to appellee and appellee filed a suit with writ of attachment against the property in the Jefferson County Civil Court. A judgment was rendered in favor of appellee for $982.45 on October 28, 1961.

The bill avers that a justiciable controversy exists between the parties and prays for a construction of the instruments made an exhibit thereto and that the rights and liabilities of the parties be declared and that the matter of priority between appellant's purchase money mortgage lien and appellee's landlord's lien be determined and adjusted.

The application for a temporary injunction asked that appellee be restrained from disposing of the property under his attachment suit pending the final decree in the circuit court in this case.

The main question presented by the bill and which must ultimately be decided is

whether appellee's landlord's lien is superior to appellant's mortgage lien. As already shown, the lease expired May 31, 1961. Appellant concedes that, since the property never left the premises, appellee's lien for rent was superior up to May 31, 1961, at which time the Thompsons owed $200, because the rent had been paid through April, 1961. Appellant also concedes that appellee had a lien for $200 when the lease expired, but argues that appellant's mortgage was superior to appellee's lien for rent during the new term which began after the expiration of the lease, except, of course, for the $200 due for rent in May.

The only responsive pleading to the bill of complaint was a motion to dismiss, the first ground of which was that "there is no equity in the bill." Equity Rule 14 states that "The motion to dismiss for want of equity is abolished." Some testimony was taken and the court held that appellee's lien for rent was "paramount and takes precedence over complainant's claim," denied the application for temporary injunction and granted the motion to dismiss the bill for want of equity.

We think the trial court erred in holding in effect that the bill is without equity, and we also think that the decision as to the priority of the liens was premature.

■ The bill alleged a justiciable controversy when it was shown that each of the parties claimed a valid lien on the property and that there was a dispute as to which lien had priority. We have many times affirmed the rule that in suits for declaratory judgments where the bill shows a bona fide justiciable controversy which should be settled, it states a cause of action for declaratory judgment, and the test of the sufficiency of a bill or complaint in a declaratory judgment proceeding is not whether the bill shows that the plaintiff will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all. Foshee v. Mitchell, 270 Ala. 533, 120 So.2d 741; Pack v. Pack, 269 Ala. 35, 110 So.2d 282, and cases there cited.

■ Apart from the declaratory judgment feature, equity courts have general jurisdiction to adjust priorities among conflicting liens when the parties are before the court. Baker Sand & Gravel Co. v. Rogers Plumbing & Heating Co., 228 Ala. 612, 154 So. 591, 102 A.L.R. 346; Arbuthnot v. Thatcher, 237 Ala. 593, 188 So. 245.

■ Under these authorities, we must hold that the bill contains equity.

■ We cannot agree that the bill cannot be considered as a bill for declaratory judgment because appellant has an adequate remedy at law. The 1947 amendment to the declaratory judgment act (Code of Ala., Tit. 7, § 167) removed this objection and we have since held that the fact that there might be some other adequate remedy at law between complainant and defendant to settle the controversy is not a good defense. Alexander City v. Continental Ins. Co., 262 Ala. 515, 80 So.2d 523; Hane v. Bell, 270 Ala. 82, 116 So.2d 590.

Appellee concedes that the motion to dismiss for want of equity has been abolished, Equity Rule 14, but argues that the motion should be considered as a demurrer. Even if we did so, we have already shown that the bill has equity, and this case does not come within the exception that where the parties are agreed and request it, the case can finally be decided on demurrer.

■ Where the bill for a declaratory judgment shows a bona fide justiciable controversy which should be settled, the demurrer thereto should be overruled and a declaration of rights made and entered only after answer and on such evidence as the parties may deem proper to introduce on submission for final decree. City of Mobile v. Jax Distributing Co., 267 Ala. 289, 101 So.2d 295, and cases there cited.

One of appellant's assignments of error is that the court erred in finding that the

landlord's lien of appellee took priority over appellant's mortgage lien. We do not pass on this assignment because that finding was premature under the pleadings. We do not know what an answer and proof thereunder might show, and this opinion is not to be taken as any indication of our opinion on that question.

We think the temporary injunction should remain in effect until the cause is decided on its merits. The right to a temporary injunction does not depend upon any advance finding for complainant on the merits, and complainant is not required to present a case which will certainly entitle him to a decree upon final hearing, and complainant may be entitled to a temporary injunction though his right to relief may ultimately fail, and a temporary injunction to preserve the status quo is in order if the bill clearly shows a substantial question to be decided. Hamilton v. City of Anniston, 248 Ala. 396, 27 So.2d 857, and cases there cited.

It follows that the decree must be reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.