239 So.2d 194

The FIRST CHURCH OF CHRIST, SCIENTIST

v.

Dallas L. WATSON, III, et al.

4 Div. 393.

Supreme Court of Alabama.

Sept. 10, 1970.

Farmer & Herring, Dothan, for appellant.

A. A. Smith, Hartford, Farmer & Farmer, Dothan, for appellees.

**272**

MADDOX, Justice.

The sole question presented by this appeal involves the construction to be given to the following will clause:

" 'I give, devise and bequeath all of my property, real, personal and mixed, wheresoever located to my beloved wife, LILLIE GRICE WATSON, to have and to hold as her property absolutely; provided that she lives to survive me for a period of (30) thirty days; but in the event of her death prior to the end of said period, then to THE FIRST CHURCH OF CHRIST, SCIENTIST, BOSTON, MASSACHUSETTS.' "

Dallas L. Watson, Jr., the testator, and Lillie Grice Watson were divorced on January 27, 1969, and he died 22 days later, and Lillie Grice Watson survived the testator for more than thirty days. The will was admitted to probate in Houston County on May 21, 1969.

The First Church of Christ, Scientist, in Boston, Massachusetts, a corporation, filed an original bill of complaint in the Circuit Court of Houston County against Dallas L. Watson, III, and Willie Marie Watson, children of the testator by his first wife, Jeanette Hutto Watson, seeking a construc-tion of the will and asking the Court to find that it was the sole devisee under the will and therefore entitled to all the assets of the estate of the testator.

The trial court sustained demurrers filed separately and severally, on behalf of the two minor children of the defendants, to the bill as amended and substituted, and dismissed the bill. The First Church of Christ, Scientist, then took this appeal.

On appeal, both sides seem to agree that the divorce between Dallas L. Watson, Jr., and Lillie Grice Watson prevents her from taking anything under the provisions of the will, in view of the provisions of Section 1 of Act No. 287, Acts of Alabama, 1951, Regular Session, p. 572 [Title 61, Section 9(1)], which reads as follows:

"A divorce from the bonds of matrimony operates as a revocation of that part of the will of either party, made during coverture, making provision for the spouse of such party; and if after the making of a will, a woman marries, the marriage operates as a revocation of the will."

There is sharp disagreement among the parties as to the right of The First Church of Christ, Scientist, to take under the will.

 Construing the will before us as of the date of the testator's death and in view of the mandate of the statute, the former spouse could take nothing under the provisions of the will, but the entire will is not revoked, only that portion which makes provision for the former spouse. Tankersley v. Tankersley, 270 Ala. 571, 120 So.2d 744 (1960). Furthermore, there is a presumption that the testator intended to dispose of his entire estate and that he did not intend to die intestate as to any portion of his property, unless the contrary intention is so plain as to compel a different conclusion. Baker v. Wright, 257 Ala. 697, 60 So.2d 825 (1952). In this connection, it might be pointed out that the testator did not make any provision in his will for his children by the former marriage, and these

children would share in the estate which passes by the will only if the will is declared to be invalid and they become entitled as heirs under our laws of descent and distribution. Appellees say this is what should happen.

A number of states have enacted statutes similar to ours specifying that a divorce from the bonds of matrimony operates, as a matter of law, as a revocation of that part of the will making provision for the former spouse.[1] The language of these various state statutes would indicate that each was based upon § 53 of the Model Probate Code. In fact, the newer Uniform Probate Code, in § 2–508, provides:

"* * * (D)ivorce or annulment revokes any disposition or appointment of property made by the will to the former spouse, any provision conferring a general or special power of appointment on the former spouse, and any nomination of the former spouse as executor, trustee, conservator, or guardian, unless the will expressly provides otherwise. Property prevented from passing to a former spouse because of revocation by divorce or annulment *passes as if the former spouse failed to survive the decedent,* and other provisions conferring some power or office on the former spouse are interpreted as if the spouse failed to survive the decedent." (Emphasis added)

While our statute does not contain all of the provisions of § 2–508 of the Uniform Probate Code, we think that property which is prevented from passing to the former spouse because of revocation by divorce should pass as if the former spouse failed to survive the decedent, unless a contrary intention is apparent from the provisions of the will.[2]

A case strikingly similar to our own here is Peiffer v. Old Nat. Bank & Union Trust Co., 166 Wash. 1, 6 P.2d 386 (1931). There, the testator expressed a positive intention to give nothing to his daughter by his first wife, but left his entire property to his "beloved wife," if she should survive him for three months, otherwise to his son. However, the testator and his wife were divorced at the time of his death and the will as to her was revoked under the provisions of a Washington statute very similar to our own. The daughter by the first marriage, the contestant, contended that because the decedent's former spouse still lived, the son would take nothing under the will but was entitled to share equally with her under the laws of descent and distribution. Except for the fact that The First Church of Christ, Scientist, is the alternate devisee here instead of a member of the decedent's family, the facts in the *Peiffer* case, supra, are almost identical with those presented in this appeal. The Washington Supreme Court held in *Peiffer,* supra, that the provisions for the former spouse were revoked by the divorce, and that while the divorce necessarily annulled the provisions as to the former spouse taking any part of the estate, it did not revoke and annul the bequests to the son and the disinheritance of the daughter.

The appellees contend that by the very terms of the will, the former spouse survived the decedent for thirty days, and that the condition precedent for the Church to take therefore never occurred. The same argument was made in *Peiffer,* supra. We say, as that court did, that it is not necessary for us to go so far, as is contended by the appellees, as to declare that the divorce of the wife of the testator was equivalent to her death. After her divorce, she was

1. See Rees, American Wills Statutes-II, 46 Va.Law Rev. 885.

2. In Jeffries v. Boyd, 269 Ala. 177, 112 So.2d 210 (1959), we held the former spouse was not entitled to be named executrix of her former husband's estate even though the husband had appointed "my wife" as the executrix. We there cited the provisions of Title 61, § 9(1), even though our statute does not contain any provisions with regard to the effect of a divorce upon the nominations made by a testator of a former spouse as executor.

no longer the wife of the testator and did not survive as his widow. See also Iles v. Iles, 158 Fla. 493, 29 So.2d 21 (1947), where the Supreme Court of Florida, without benefit of a statute like ours, found that a divorced wife took nothing by a will where the testator gave all his property to his wife in case she survived him, and not otherwise, and provided that if she did not survive him, his property should go to his lawful issue, and that if he left no lawful issue, then to his brother. The testator was drowned about 11 weeks after his wife obtained a divorce, without having changed his will, and without leaving any children. Cf. Bell v. Smalley, 45 N.J.E. 478, 18 A. 70 (1889).

In view of our statute and the presumptions we must indulge, we cannot follow the construction of the will contended for by the appellees. To do so would bring about intestatcy and defeat the intent of the testator with respect to the disposition of his property.

We also point out that the bill shows that appellant is entitled to have a construction of the will and that an answer and testimony will probably aid the trial court in construing the will, and that the will in this case should not be construed on demurrer. Curlee v. Wadsworth, 273 Ala. 196, 136 So.2d 886 (1962); Robinson v. Robinson, 273 Ala. 192, 136 So.2d 889 (1962); Fillmore v. Yarbrough, 246 Ala. 375, 20 So.2d 792 (1945).

The judgment, therefore, of the circuit court dismissing appellant's bill of complaint is due to be reversed and the cause remanded to the court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, MERRILL and BLOODWORTH, JJ., concur.