# Richmond.

## SUTHERLAND v. SYDNOR.

### MAY 10th, 1888.

Absent, Richardson, J.

1. WILLS—*Construction—Intention.*—Effect must be given to the testator's intention if discernable and lawful. But it must be expressed and with legal certainty, else the heir at law must prevail. *Hatcher* v. *Hatcher,* 80 Va., 169.
2. IDEM—*Estate of devisee—Case at bar.*—Testator devised land to his two daughters, I. and M., in case of I.'s death without an heir, her portion to revert to M., or her living heirs or heir. M. died first, leaving a son, then I. died without issue:

HELD:

> M. took a life estate. The expressions in the will, " having disposed of what I have," and speaking of a devise to his son as "his portion of my estate," do not alter the case.

Appeal from decree of circuit court of the city of Petersburg, rendered June 12th, 1886, in the cause wherein Frank Sydnor, an infant by, etc., and W. O. Sydnor, were complainants, and E. M. Sutherland, in his own right and as executor of Fendall M. Sutherland, deceased, and others, were defendants. The object was to construe the testator's will. The construction being unfavorable to the defendants, they appealed from the decree. Opinion states the case.

*William R. McKenny* and *J. B. Mann*, for the appellants.

*R. H. & W. H. Jones*, for the appellees.

LEWIS, P., delivered the opinion of the court.

The single question in this case involves the construction of so much of the third clause of the will of Fendall M. Sutherland, deceased, as is in these words: "I leave my two daughters, Ida E. and Mollie E. Sydnor, my homestead tract, containing 275 acres of land, more or less, during life. In case of Ida Elizabeth's death, without an heir, I wish her portion to revert back to Mollie E. Sydnor, or her living heirs or heir."

The testator died in 1881, and his will was duly admitted to probate by the county court of Dinwiddie county, of which county the testator, in his lifetime, was a resident. He died, leaving four children, of whom three were among his devisees and legatees. In 1883, Mollie E. Sydnor died, intestate, leaving as her sole heir at law an infant son, Frank M. Sydnor. In 1885, Ida E. Sutherland died, intestate, over twenty-one years of age, unmarried and without issue, leaving as her heirs at law her mother, Emma P. Sutherland, her brothers, B. E. and Eddie M. Sutherland, and her nephew, the said Frank M. Sydnor.

The bill was filed in 1886 for a construction of the will; and the question is, whether Mrs. Sydnor took an estate in an undivided moiety of the homestead tract of land in fee or for life. By the decree complained of it was held that she took an estate in fee, which, at her death, descended to her son and heir at law. On the other hand, the appellants contend that she took a life estate only; and in this view we concur.

In the construction of wills, effect must be given to the intention of the testator, if that can be discovered and is consistent with the rules of law. But the intention to dispose of his estate must be manifested with legal certainty, otherwise the title of the heir or heirs at law will prevail; for conjecture cannot be made to supply what the testator has failed to sufficiently indicate on the face of the will. "The law has pro-

vided a definite successor to the estate in the absence of a testamentary disposition, and the heir is not to be disinherited unless by express words or necessary implication. *Wootten* v. *Redd's Ex'or*, 12 Gratt., 196; *Hatcher* v. *Hatcher*, 80 Va., 169; *Smith* v. *Bell*, 6 Pet., 68; *Senger* v. *Senger's Ex'or*, 81 Va., 687.

Now, in the present case, the testator in express terms devises his homestead tract to his two daughters *for life;* and then, as further manifesting his intention as to the devise to Ida E., he goes on to provide how "her portion" shall go in the event of her dying "without an heir," by which was evidently meant a lineal descendant. It is too plain therefore for doubt that as to Ida E., a life estate only was devised.

But the appellees contend that taking the language above quoted with other provisions in the will, the intention of the testator to devise a fee to Mrs. Sydnor is manifest. At the close of the will the testator says: "Having disposed of what I have," etc.; and from this it is argued that he evidently supposed he had disposed of his whole estate. To this, however, it is sufficient to answer that if he so thought or intended, he has not so said; nor is such an intention a necessary implication from the words used.

In *Boisseaus* v. *Aldridges*, 5 Leigh, 222, it was said, in the language of Lord Eldon, with regard to the expression, necessary implication, that it means "so strong a probability of intention, that an intention contrary to that which is imputed to the testator cannot be supposed." And in *Loveacus* v. *Blight*, Cowp., 352, Lord Mansfield said that though the introduction of a will declaring that a man means to make a disposition of *all* his worldly estate, is a strong circumstance, connected with other words, to explain the testator's intention of enlarging a particular estate, it will not do so alone. And so here, the concluding words of the will do not overcome the effect of the express limitation above quoted; in other words, they do not show with *legal certainty* that the testator intended to enlarge into a fee the life estate devised by the third clause

of the will to Mrs. Sydnor. If he did so intend, the misfortune is, as Lord Mansfield said in *Denn* v. *Gaskin,* Cowp. 657, that *quod voluit non dixit.*

Nor is the case altered by the words used in the second clause of the will where the testator devises a tract of land to his son, Eddie M., and declares the same to be "his portion of my estate." It may be that the testator so intended, and yet if the whole estate has not been disposed of, the right of the son, as one of the heirs at law, to share in the estate not disposed of is unquestionable. This was the principle of the decision in *Boisseaus* v. *Aldridges, supra,* in which case it was said by Judge Brooke in his opinion that "the principle that a testator cannot disinherit his heirs, unless he devises his estate to some body else, results from the nature of property. It is the creature of law, and the law will dispose of it, unless, under the permission which the law gives the owner to make a will, *he* disposes of it."

It follows that the decree must be reversed, and a decree entered here in conformity with this opinion.

DECREE REVERSED.