BYRON C. KETCHAM, AS SURVIVING EXECUTOR OF ABRAM F. KETCHAM, DECEASED, *v.* SPENCER C. KETCHAM AND OTHERS, RESPONDENTS, IMPLEADED WITH ESTHER E. KETCHAM REDMAN AND OTHERS, APPELLANTS.

*Will — an unambiguous devise of a life estate not enlarged to a fee by other provisions — nor by charging the devisee with payment of debts and funeral expenses.*

A testator, by his will, provided as follows: "I give and bequeath to my four boys (naming them) the residue of my estate, share and share alike, to have and to hold the same so long as they shall live, after paying my debts and funeral expenses."

*Held,* that this provision of the will disclosed, in clear and unambiguous terms, an intent to give life estates only to the sons.

That such life estates were not enlarged to an estate in fee by the use, in a preceding portion of the same paragraph of the will, of the words "it is my wish that all my property, both real and personal, shall be divided among my children in the following manner."

That the two expressions were not inconsistent, it being possible to give full force and effect to the part of the will preceding the limitation, and also to the limitation.

That the intent to give a life estate was so plainly expressed that the devise could not be aided by the application of the provisions of the Revised Statutes that the use of the word "heirs," or other words of inheritance, are not requisite to create an estate in fee, and that a devise will pass all the estate or interest of the testator, unless the intent to pass a less estate or interest appears by express terms, or is necessarily implied in the terms of the grant.

That an intent to give more than a life estate could not be inferred from a provision attached to the devise requiring the devisees to pay the testator's debts and funeral expenses.

APPEAL by the defendants, Esther E. Ketcham Redman, Flora Samoyne and Emma B. Brooks, pursuant to an order of the Supreme Court permitting them to do so, in the name of the plaintiff, from that portion of a judgment of the Supreme Court, entered, at an Equity Term thereof, in the office of the clerk of the county of Monroe, on the 8th day of April, 1892, construing the will of Abram F. Ketcham, deceased, which judgment provided as follows:

" That the gift of the residue of said estate to Allen J. Ketcham, Byron C. Ketcham, Spencer C. Ketcham and Richmond A. Ketcham vests in each of the persons named the title to one undivided one-fourth of said residue for the life of such person; that after the death of the life tenant of each share, respectively, such share is to be divided among the next of kin of the testator in the manner provided by law."

*Henry W. Conklin*, for the appellants.

*Daniel Holmes*, for the plaintiff.

*John D. Burns*, guardian *ad litem* for infant defendants, respondents.

LEWIS, J.:

This action was brought to procure the construction of the will of Abram F. Ketcham, deceased. The material part of the will is as follows:

" I give and bequeath to my dear wife, Julia Ann Ketcham, the use and control of fifty acres of my estate, laying on the south side of the road on which we live, so long as she shall remain my widow. After her death, it is my wish that all my property, both real and personal, shall be divided among my children in the following manner, to wit: I give and bequeath to my son, Warren F. Ketcham, aside from what he has had of my estate, four hundred dollars, after the death of my wife. I give to my two grandchildren, Henry Warren Haskell and Mary Louise Haskell, three hundred dollars apiece, after they become of age. I give and bequeath to my daughter, Gertrude Blossom, six hundred dollars, aside from what she has had of my estate, to be paid within two

years after the death of my dear wife. I give and bequeath to my four boys, Allen J. Ketcham, Byron C. Ketcham, Spencer C. Ketcham and Richmond A. Ketcham, the residue of my estate, share and share alike, to have and to hold the same so long as they shall live, after paying my debts and funeral expenses. I constitute and appoint my sons, Allen J. Ketcham and Byron C. Ketcham, my sole administrators to settle my estate."

The will is dated on the 14th of May, 1875. The appellants are Esther E. Ketcham Redman, the widow of Allen J. Ketcham, Flora Samoyne and Emma B. Brooks, daughters of Allen J. Ketcham. Allen J. was one of the sons of the testator and one of the four devisees named in the will. He died after his father's death. The plaintiff having declined to appeal, the appellants were, by an order of court, permitted to appeal in his name, and they appealed from so much of the judgment as decrees that the four sons take a life estate only. So that the only question presented for our decision is, whether the four sons take an estate in fee, or for life only. The trial court held that they took a life estate only. The appellants contend that a consideration of the entire will shows that the testator intended to give to his four sons an estate in fee, and this claim is based mainly upon that clause in which the testator expresses his wish that all his property, both real and personal, shall be divided between his children in the following manner. It is contended that this clause shows an intent to dispose of his entire estate by will, and not leave a residue to go to his heirs by descent, and that the clause "to have and to hold the same so long as they shall live" was used by the testator without a full understanding or appreciation of its import and meaning. The will was shown to be in the handwriting of the testator. He was a farmer by occupation. The phraseology of the will furnishes evidence that the testator was not a lawyer, nor was he accustomed to drawing wills. He left an estate worth about eight thousand dollars, consisting mainly of real estate. It is conceded that, in order to pay the money legacies, it will be necessary to sell the land. If it be true, as contended by the appellants, that there is a necessary conflict between the granting and limitation clauses of the will, the court would be justified in rejecting the limitation clause, but we do not so read the will. After giving to his widow the use and control of fifty acres of his estate

so long as she shall remain his widow, he says : " It is my wish that all my property, both real and personal, shall be divided among my children in the following manner."

Full force and effect can be given to the part of the will which precedes the limitation clause, and still give full force and effect to that clause. The cases to which we are referred in the appellants' brief, where it was held that the will granted a fee, notwithstanding the words indicating an intention to devise only a life estate, are cases where the granting clause was plainly and obviously inconsistent with an intent to give an estate less than a fee.

In *Byrnes* v. *Stilwell* (103 N. Y., 453) the devise was " to the lawful child or children of my said daughter, his or their heirs forever."

In *Clarke* v. *Leupp* (88 N. Y., 228) the testator gave his widow the property, with power to retain and dispose of it for the benefit of herself and children.

In *Crain* v. *Wright* (114 N. Y., 307) the will gave fifty acres of land to the widow to have and to hold for her benefit and support.

It was held, in these cases, that the will devised a fee. The language used showed that intent, and there was nothing in the wills indicating a contrary intent. The testator here, in language that is clear and unambiguous, says he gives to his sons the residue of the estate, share and share alike, to have and to hold the same so long as they shall live. This clause has a well-understood meaning, and we are not at liberty to conjecture or surmise that the testator meant something else than what his words clearly import. While, under the Revised Statutes, the use of the word " heirs," or other words of inheritance, are not requisite to create an estate in fee, and the devise will pass all the estate of the testator, unless the intent to pass a less estate or interest shall appear by express terms, or be necessarily implied in the terms of such grant, that intent is here expressed, we think, in language so plain that it cannot be misunderstood.

The case of *Sutherland* v. *Sydnor* (84 Virginia, 880), was for the construction of a will. One clause of the will was in these words :

" I leave my two daughters, Ida E. and Mollie E. Sydnor, my homestead tract, containing 275 acres of land, more or less, during life. In case of Ida Elizabeth's death without an heir, I wish her

portion to revert back to Mollie E. Sydnor or her living heir or heirs."

At the close of the will the testator said, "having disposed of what I have," etc., and because of this clause it was argued that he evidently intended to dispose of his whole estate, and hence the daughters took a fee. Judge LEWIS, speaking for the court, said : "To this, however, it is sufficient to answer that if he so thought or intended, he has not so said; nor is such an intention a necessary implication from the words used."

In another part of the opinion it is stated : "In the construction of wills, effect must be given to the intention of the testator, if that can be discovered, and is consistent with the rules of law. But the intention to dispose of his estate must be manifested with legal certainty, otherwise, the title of the heir or heirs-at-law will prevail; for conjecture cannot be made to supply what the testator has failed to sufficiently indicate on the face of the will." And the court held that the concluding words of the will did not overcome the effect of the express limitation.

In *Loveacres* v. *Blight* (Cowp., 352), Lord MANSFIELD said that, though the introduction of a will declaring that a man means to make a disposition of all his worldly estate is a strong circumstance connected with words to explain the testator's intention of enlarging a particular estate, it will not do so alone. (See *Mixter* v. *Woodcock*, 147 Mass., 613, and *Howland* v. *Clendenin*, 47 N. Y. St. Rep., 751.) (Since preparing this opinion, our attention has been called to a decision of our Court of Appeals, *In the Matter of the Will of James McClure*, reported in 49 N. Y. St. Rep., 203. It is authority upon questions in this appeal.) (*Couch* v. *Easthan*, 29 West Va., 784.)

The case of *Evans Appeal from Probate* (51 Conn., 435), is in its facts very like the case at bar. John Evans died without issue, his wife, the appellant, surviving. He left a will which provided : "After all my lawful debts are paid and discharged, the residue of my estate, real and personal, I give, bequeath and dispose of to my beloved wife, Ann Evans, for her sole use and benefit, as long as she lives," naming her as executrix. He left a brother and nephew, subjects of and resident in Great Britain, but no relatives in this country. It was claimed that the testator intended to give

a fee to the widow, but the court held that he had added words of qualification and limitation, namely, " for her sole use and benefit as long as she lives," and added : " These aptly and plainly define an use, an estate for life, and bar out any other or greater one.   *   *   * The intention must be found in the will; the will cannot be framed from intentions contrary to expressions."

Our attention is called to the clause requiring the four sons to pay the testator's debts and funeral expenses as evidence of an intention on the part of the testator to give them the fee; and it is suggested that the amount of money required to pay the debts might exceed the value of the life estate.   There is some force in the suggestion, but when the language of a will is clear and unambiguous, and gives an estate less than a fee, although it charges the devisee personally with the payment of legacies, the payment thereof will not enlarge the estate to an absolute fee.   (*Nellis* v. *Nellis*, 99 N. Y., 505.)

We think the testator's intent to pass an estate less than a fee is so clearly expressed that it must be held that the will gave to the four sons a life estate only, and it, therefore, follows that the judgment appealed from should be affirmed, with costs to the respondents to be paid out of the estate.

Dwight, P. J., and Macomber, J., concurred.

Judgment appealed from affirmed, with costs to the respondents payable out of the estate.