# Richmond

EDWARD B. DRAPER V. PIEDMONT TRUST BANK, ET AL.

June 11, 1973.

Record No. 8117.

Present, All the Justices.

*Morris H. Fine* (*Fine, Fine, Legum & Fine*, on brief), for appellant.

*James H. Ford; Lawrence C. Musgrove* (*Ford, Swezey & Beck*, on brief), for appellees.

HARRISON, J., delivered the opinion of the court.

We are called upon here to construe the will of Maggie Holland Hodges, who died in 1968 after having executed her holographic will which provides in pertinent part as follows:

"In the event that my sickness and care does not dispose of all my property, during my life time, then I do direct what ever remains of my property, real personal, or mixed to be sold and divided into shares to go to our nieces and nephews as followering . . .

Edward B. Draper, nephew of Maggie H. Hodges
8505 Chapin St., Norfolk, Virginia    2 such shares or $1000.00
Nancy Lee Lawrence—niece of Maggie H. Hodges
Chatham Hgts., Martinsville, Va.                    $ 500.00
Angela Lucas, niece of Maggie H. Hodges
Waynesboro, Va.                                     $ 500.00
Dennis L. Lucas
Waynesboro, Va. nephew of Maggie H. Hodges          $ 500.00
Rhonda Holland, niece of Maggie H. Hodges
Martinsville, Va.                                   $ 500.00
Teresa Law Johnson, niece of Dennis R. Hodges
Stultz Rd., City                    2 such shares or $1000.00
Greg Johnson—nephew of Dennis R. Hodges
Stultz Rd.                                          $ 500.00
Betty Ann Buckner, niece of Dennis R. Hodges
Ferrum, Va.                                         $ 500.00
Donna Curry, niece of Maggie H. Hodges
City                                                $ 500.00"

The testatrix appointed the Piedmont Trust Company of Martinsville her executor and, after directing the payment of her debts, expenses of last illness and funeral expenses, and making four minor bequests of tangible personal property, disposed of her estate as outlined.

The executor filed its bill seeking the aid of the court below in making proper distribution of the estate. It made parties those individuals who were designated as beneficiaries under the will and all persons who would have been the heirs-at-law of Maggie Holland Hodges had she died intestate.

The papers in the case were referred to a commissioner in chancery who reported that it was the intent of the testatrix that her estate be divided into 11 shares, with Edward B. Draper and Teresa Law Johnson receiving 2 shares each and the other named persons each receiving a single share.

The lower court held that it was the intent of the testatrix to make specific pecuniary legacies of definite amounts to the nine named "nieces and nephews", with the remainder estate passing under the intestate laws of Virginia to her heirs-at-law. This holding accords with the contention of appellee, Ethel H. Draper, an heir-at-law of the testatrix.

Appellant, Edward B. Draper, argues that it was the intention of the testatrix that he and Teresa Law Johnson would share equally as remaindermen after the named nieces and nephews were each given their specific bequests of $500. The matter is before us on an appeal granted this appellant.

■ The principles of law which control the disposition of this case are well settled and have been often stated. That the intent of the testator must control is the cardinal rule in the construction of wills, and if that intent can be clearly conceived and is not contrary to some positive rule of law, it must prevail. *Newton* v. *Newton*, 199 Va. 785, 102 S. E. 2d 312 (1958). Where a will has been executed, the reasonable and natural presumption is that the testator intended to dispose of his entire estate. Accordingly, where two modes of interpretation are possible, that is preferred which will prevent either total or partial intestacy. *Baptist Home* v. *Mizell, Adm'r*, 197 Va. 399, 89 S. E. 2d 332 (1955).

Since the validity of the will is not involved here and there is no question of fraud or undue influence, the narrow issue is whether Mrs. Hodges intended to make complete disposition of her residuary estate to the persons therein named to receive shares. We are convinced that such was her intention and that she accomplished her purpose.

We are not dealing here with an unusual will. It was couched in legal and testamentary language and named a personal representative. It provided for payment of debts, funeral expenses and expenses of last illness, made certain sentimental gifts of tangible personal property and then made disposition of the residue. The estate of the testatrix was not a large one. She recognized the possibility that it might possibly be consumed during her lifetime. She then provided that, in event this did not occur and she died seized of an estate, "whatever remains" of her property, "real personal, or mixed" be sold and divided into shares. The clear intent by the use of the words "whatever remains" was to include all of her property that was not used or consumed during her lifetime and was not used or expended for the satisfaction of debts, funeral expenses and expenses of last illness. The use of the words "real personal, or mixed" is significant. This is all-inclusive language designed to cover all property of any kind, nature or description owned by the testatrix.

After providing that her property be sold, the testatrix directed that it be "divided into shares". The intendment here is clear. By

shares she meant portions, parts or divisions. The most apt and descriptive word is the one she used—"share". She directed that these shares "go to our nieces and nephews". The testatrix had referred in her will to her "beloved husband, Dennis R. Hodges", hence the use of the word "our". The bequests made by the testatrix were not to a class but to specific individuals, to-wit, "our nieces and nephews as followering". We note that the nine legatees "followering" were identified not only by name and address but by their relationship to some member of the decedent's family. They were all either nieces, nephews, grand-nieces or grand-nephews.

We are not advised of the value of Mrs. Hodges' estate at the time she executed her will, or of her estimate as to its value. It is possible that the amount set opposite the names of the various legatees represented her best approximation as to what each would receive as a residuary legatee. In any event, it is clear that she wanted her estate "divided into shares" and that these nine members of her family were to be the recipients of her estate and in the proportions she indicated. We think it equally clear that for reasons known to the testatrix she desired that Edward B. Draper and Teresa Law Johnson each receive 2 shares of the division. She assured this by stipulating after the names of these two legatees the language "2 such shares or $1000.00". She further and doubly assured the use of this proportion of 2 shares each for Edward B. Draper and Teresa Law Johnson to 1 share each for all other legatees by inserting the figures $500.00 after the name of each other legatee.

We find nothing in the record to indicate that Mrs. Hodges did not intend to make a complete disposition of her estate, or that at the time she executed her will she was not fully advised of the extent of her estate and the persons who would be her heirs-at-law if she died intestate. We hold that those persons entitled to the residuary estate of the decedent are the nine individuals she named, with Edward B. Draper and Teresa Law Johnson each receiving 2 shares, and the other seven named persons each receiving 1 share.

■ We find no merit in the assignments of error which question the actions of the trial court in allowing and disallowing certain commissions and counsel fees. This is a matter within the sound discretion of the trial court, and we cannot say that as a matter of law it has been abused.

The decree of the lower court is reversed and this cause is remanded for the entry of a decree directing distribution of the

residuary estate of Maggie Holland Hodges in accordance with the provisions of this opinion.

*Reversed and remanded.*