No. 47,611

DANIEL ALAN RUSSELL and KAY MARLENE RUSSELL, *Petitioners-Appellants*, v. In the Matter of the Estate of Milton C. Russell, Deceased, MICHAEL D. WILSON, Administrator de bonis non cum testamento annexo, and CARL N. KELLY, Guardian ad Litem for JOHN JACOB RUSSELL, a minor, *Appellees*.

(534 P. 2d 261)

Opinion filed April 5, 1975.

*Kenneth H. Hiebsch*, of Gamelson, Hiebsch, Robbins and Tinker, of Wichita, argued the cause, and was on the brief for the appellants.

*Carl N. Kelly*, Guardain ad Litem of John Jacob Russell, of Wichita, argued the cause, and was on the brief, and *Thomas A. Bush*, of Grist and Bush, of Wichita, was on the brief for Michael D. Wilson, Administrator, appellees.

The opinion of the court was delivered by

PRAGER, J.: This is an action to construe a will. The facts in this case are not in dispute and are as follows: Milton C. Russell died at Wichita, April 28, 1972. His Last Will and Testament dated May 14, 1969, was admitted to probate. At the time the deceased executed his will he was married to Ina Clare Russell; they were divorced on February 20, 1970. The will dated May 14, 1969, was not revoked by the testator prior to his death. Ina Clare

Russell survived the testator. The decedent was a single man at the time of his death and his heirs at law were the appellants, Daniel Alan Russell and Kay Marlene Russell, his natural children, and John Jacob Russell, his adopted child, who is the appellee on this appeal represented by his guardian ad litem, Carl N. Kelly. The appellants, Daniel Alan Russell and Kay Marlene Russell, filed their petition to construe the will in the probate court of Sedgwick County. The case was certified to the district court for trial.

The will contained two paragraphs which are involved in this case. They are as follows:

"SECOND: I hereby give, devise and bequeath all my estate, real, personal or mixed, whatsoever and wheresoever situated, which I own or to which I may be entitled, or which I may have power to dispose of at my death, to my wife, Ina Clare Russell, in fee simple absolute.

"THIRD: In the event my wife, Ina Clare Russell, should predecease me or in the event that we should both be taken in a common disaster, I hereby devise the sum of $1.00 to my son, Daniel Alan Russell, the sum of $1.00 to my daughter, Kay Marlene Russell, and all of the rest, residue and remainder of my estate, whatsoever and wheresoever situated, which I own or to which I may be entitled or which I may have power to dispose of at my death, I hereby give, devise and bequeath to my son, John Jacob Russell."

The case was tried in the district court upon a written stipulation of fact which incorporated the statement of facts set forth above. The issue of law presented to and determined by the trial court involves the construction of these will provisions in light of K. S. A. 59-610 which provides in part as follows:

"59-610. Revocation by marriage, birth or adoption; divorce. . . . If after making a will the testator is divorced, all provisions in such will in favor of the testator's spouse so divorced are thereby revoked."

The trial court found that this provision of K. S. A. 59-610 revoked and nullified the second paragraph of the will and barred Ina Clare Russell from taking any of the deceased's property under that paragraph. On this finding the parties are not in dispute. The trial court further held that 59-610 also had the effect of taking out or nullifying the condition contained at the beginning of paragraph three which stated as follows:

"In the event my wife, Ina Clare Russell, should predecease me or in the event that we should both be taken in a common disaster, . . ."

In addition the trial court held that the estate of the decedent passed by virtue of the remaining provisions of the third paragraph and should be distributed as follows: $1.00 to his son, Daniel Alan Russell; $1.00 to his daughter, Kay Marlene Russell; and all the

rest, residue and remainder of his estate to his son, John Jacob Russell. The ruling of the trial court gave effect to the third paragraph of the will and construed the will as though Ina Clare Russell, the divorced survivor, had predeceased the testator. The trial court entered judgment awarding the appellants, Daniel Alan Russell and Kay Marlene Russell, the amount of $1.00 each, and the remainder of the estate was awarded to John Jacob Russell. Daniel Alan Russell and Kay Marlene Russell have brought a timely appeal to this court.

The appellants raise three points of error which in their essence present one issue to be determined: How should the provisions of paragraph three of the will be construed in view of the subsequent divorce and in light of the provisions of K. S. A. 59-610?

The appellants contend that K. S. A. 59-610 had the effect of revoking only those provisions of the will in favor of the surviving divorced spouse as contained in the second paragraph and that the statute should not be construed to have the effect of revoking any portion of paragraph three which contained no provisions in favor of the divorced spouse. The specific bequest to the children under the third paragraph was to take effect only on the condition that Ina Clare Russell should predecease the testator or in the event they should both be taken in a common disaster. Appellants maintain that since Ina Clare Russell survived the testator the condition precedent did not occur, and therefore the bequest to the children was nullified. There being no provisions in the will for disposing of the testator's estate under the factual circumstances, the entire estate of the testator passed by intestate succession, ⅓ to each of the appellants and ⅓ to the appellee, John Jacob Russell. Stated simply, the appellants want the will to be construed strictly in accordance with the language contained in the third paragraph.

The appellee, John Jacob Russell, takes the position that in construing a will a court must determine the intention of the testator from an examination of the entire instrument. Here appellee maintains that the will is clear and unambiguous and it states exactly what the testator intended. The testator intended that all property which did not pass to his wife, would pass to his son, John Jacob Russell, except for $1 which he intended to go to Daniel Alan Russell and $1 which he intended to go to Kay Marlene Russell.

The issue presented here is one of first impression in this jurisdiction. The courts of other jurisdictions have been faced with almost identical factual situations and have reached conflicting

results. The appellants rely primarily upon *Matter of Lampshire,* 57 Misc. 2d 332, 292 N. Y. S. 2d 578. *Lampshire* is a decision of the surrogate's court of Erie county decided in 1968. The New York statute involved there was substantially the same as K. S. A. 59-610. The will provisions were almost identical to those before us here. The court strictly construed the New York statute and held that the expressed condition precedent that the testator's wife predecease him not having occurred, the bequest over in favor of the children could not be enforced and that the estate of the testator passed as though there was an intestacy. The New York court reasoned that if the legislature had desired the divorced spouse to be considered predeceased as a result of the divorce, it would have so stated specifically in the applicable statute, as was done by the Missouri legislature when it so specifically provided. (Vernon's Missouri Statutes Annotated § 474.420.)

The appellee, John Jacob Russell, relies upon cases from other jurisdictions which hold that under factual circumstances as we have in this case the will should be construed and given effect as though the divorced spouse had predeceased the testator. The appellee's position is supported by the following decisions: *Peiffer v. Old National Bank & Union Tr. Co.,* (1931) 166 Wash. 1, 6 P. 2d 386; *Volkmer v. Chase,* (Tex. Civ. App. 1962) 354 S. W. 2d 611; *First Church of Christ v. Watson,* (1970) 286 Ala. 270, 239 So. 2d 194; *Steele v. Chase,* (Ind. Ct. of App. 1972) 281 N. E. 2d 137. The rule of these cases also finds support in the Uniform Probate Code § 2-508 which provides in pertinent part as follows:

". . . Property prevented from passing to a former spouse because of revocation by divorce or annulment passes as if the former spouse failed to survive the decedent, . . ."

While the Kansas statute does not contain this provision of § 2-508 of the Uniform Probate Code, we are impressed by the fact that it was approved by the National Conference of Commissioners on Uniform State Laws and by the American Bar Association in 1969.

We have concluded that the rule applied by the trial court and asserted by the appellee on this appeal should be adopted and followed in this jurisdiction. We hold that under the factual circumstances and the will provisions in this case, property which is prevented from passing to a former spouse because of revocation by divorce or annulment under the provisions of K. S. A. 59-610 passes as if the former spouse failed to survive the decedent. We

take this position not only because of the fact that it represents the majority view but also because we consider it the better reasoned rule and more in line with the rationale of prior decisions of this court.

In *In re Estate of Porter,* 164 Kan. 92, 187 P. 2d 520, we summarized the rules which should be applied by our courts in construing wills. There we stated in Syl. ¶ 6:

"In construing a will courts must (*a*) arrive at the intention of the testator from an examination of the whole instrument, if consistent with rules of law, giving every single provision thereof a practicable operative effect, (*b*) uphold it if possible, (*c*) avoid any interpretation resulting in intestacy when possible, (*d*) give supreme importance to the intention of the testator, and (*e*) when the language found in such instrument is clearly and unequivocally expressed determine the intent and purpose of the testator without resort to rules of judicial construction applicable to the interpretation of an instrument which is uncertain, indefinite and ambiguous in its terms."

When we apply these rules for construction of wills to the factual circumstances before us along with the provisions of K. S. A. 59-610, we cannot construe paragraph three of the will in the manner contended for by the appellants. To do so in our judgment would defeat the clear intention of the testator with respect to the disposition of his property and would bring about an intestacy which should be avoided when possible. It is clear to us that the principle of law adopted and applied by the trial court was correct and its judgment should not be disturbed.

The judgment is affirmed.

FROMME, J., not participating.