Richmond

## Rose B. Jones, et al.

v.

## Charles E. Brown,

Individually, etc.

November 22, 1978.

Record No. 770491.

Present: All the Justices.

*Howard I. Legum (Fine, Fine, Legum & Fine,* on brief), for appellants.

*Marc Jacobson (Charles E. Sizemore, Jr.; Moss & Moss,* on brief), for appellee.

HARMAN, J., delivered the opinion of the Court.

This is an appeal by four of the five heirs at law of Wade Benjamin Brown, Jr., deceased, challenging the trial court's construction of the testator's last will and testament. Charles E. Brown, decedent's remaining heir at law, individually and as Administrator, c.t.a., of the testator, is the appellee.

The facts are not in dispute. Wade Benjamin Brown, Jr., a resident of the City of Norfolk, died on July 30, 1976. His will, executed on December 1, 1971, was duly probated in the trial court on August 5, 1976.

The relevant provisions of the will read as follows:

"THIRD: I give, devise and bequeath all of my estate, both real and personal, and whatever kind and wheresoever situate, of which I may die seized or possessed, or to which I or my estate may be entitled at the time of my death, absolutely and in fee simple unto my wife, AGNES JOANNA BROWN, if she shall survive me.

"FOURTH: In the event my said Wife shall not survive me, then, in that event, I give, devise and bequeath, absolutely and in fee simple, all of my estate, both real and personal, and whatever kind and wheresoever situate, of which I may die seized or possessed, or to which I, or my estate, may be entitled at the time of my death, absolutely and in fee simple to CHARLES EDWARD BROWN."

When the will was executed, the testator was married to Agnes Joanna Brown. Subsequent to execution of the will, but prior to his death, the testator and his wife were divorced a vinculo matrimonii. The former wife survived the testator. While she was a party to the original suit, she did not appeal the chancellor's ruling that the devise to her was revoked under Code § 64.1-59*, so this holding has become final.

The chancellor, following the rule adopted by a majority of our sister states where this same question has arisen, held that Charles E. Brown took the entire estate under paragraph "Fourth" of the will as though the testator's former wife predeceased him.

Here, as in the trial court, appellants contend that the devise to Charles E. Brown contained in paragraph "Fourth" of the will did not become effective because the express condition precedent to the devise, that Agnes Joanna Brown die before the testator, did not occur. Therefore, they argue, the testator died intestate as to his entire estate and the estate should be distributed in equal shares to the testator's five heirs at law.

The appellee argues that the trial court should be affirmed as only paragraph "Third", devising testator's estate to his former spouse, was revoked by virtue of Code § 64.1-59. This being so, he says, the devise in paragraph "Fourth" became effective as it was clearly the testator's intent that Charles Edward Brown inherit testator's entire estate if the devise to testator's wife lapsed or was revoked.

While the question presented is one of first impression in Virginia, the courts in our sister states have been presented with the same or similar questions and have emerged with conflicting views. Annot., 74 A.L.R.3d 1108 (1976).

One line of decisions holds that where the devise to a former spouse is barred as the result of divorce, a gift over on condition that the spouse predecease the testator will be literally construed and the gift over will not be effective where the former spouse

---

* Code § 64.1-59 provides:

"If, after making a will, the testator is divorced a vinculo matrimonii, all provisions in the will in favor of the testator's divorced spouse are thereby revoked."

survived the testator. *See, e.g., In re Estate of Rosecrantz*, 183 Wis. 634, 198 N.W. 728 (1924); *In re Will of Lampshire*, 57 Misc.2d 332, 292 N.Y.S.2d 578 (Sur.Ct. 1968); *contra, In re Will of Sharinay*, 58 Misc.2d 334, 295 N.Y.S.2d 502 (Sur.Ct. 1968).

However, a majority of the other jurisdictions, although not always for the same reasons, have held the gift over to be effective. For example, the Supreme Court of Alabama, relying primarily on the testator's intent and the presumption against intestacy, held "that property which is prevented from passing . . . because of revocation by divorce should pass as if the former spouse failed to survive the decedent, unless a contrary intention is apparent from the provisions of the will." *First Church of Christ, Scientist v. Watson*, 286 Ala. 270, 272, 239 So.2d 194, 196 (1970).

The Supreme Court of Kansas, confronted with a devise to a former spouse barred by divorce, sustained a gift over conditioned on nonsurvivorship because failure to do so "would defeat the clear intention of the testator with respect to the disposition of his property and would bring about an intestacy which should be avoided when possible." *Russell v. Estate of Russell*, 216 Kan. 730, 733, 534 P.2d 261, 265 (1975). Similarly, other courts, to effectuate the testator's intent, have sustained a gift over, which is conditioned on nonsurvivorship, of property barred by divorce from passing to a former spouse. *Peiffer v. Old Nat'l Bank & Union Trust Co.*, 166 Wash. 1, 6 P.2d 386 (1931); *In re Estate of Fredericks*, 311 So.2d 376 (Fla.Dist.Ct.App. 1975); *In re Estate of Shelton*, 19 Ill.App.3d 542, 311 N.E.2d 780 (1974); *Steele v. Chase*, 151 Ind.App. 600, 281 N.E.2d 137 (1972). *See also, In re Estate of McLaughlin*, 11 Wash.App. 320, 523 P.2d 437 (1974).

■ Believing it to be sounder and in accord with our rules of construction, we adopt the majority rule; namely, that property devised to a former spouse, which is prevented from passing because of statutory revocation, shall pass as if the former spouse failed to survive the decedent unless a contrary intention is apparent from the provisions of the will.

■ We believe this course is dictated by the rules of construction long followed by this court, and as recently restated in *Draper v. Piedmont Trust Bank*, 214 Va. 59, 61, 197 S.E.2d 178, 180 (1973), where we said:

"The principles of law which control the disposition of this case are well settled and have been often stated. That the intent of the testator must control is the cardinal rule in the construction of wills, and if that intent can be clearly conceived and is not contrary to some positive rule of law, it must prevail. *Newton* v. *Newton*, 199 Va. 785, 102 S.E.2d 312 (1958). Where a will has been executed, the reasonable and natural presumption is that the testator intended to dispose of his entire estate. Accordingly, where two modes of interpretation are possible, that is preferred which will prevent either total or partial intestacy. *Baptist Home* v. *Mizell, Adm'r*, 197 Va. 399, 89 S.E.2d 332 (1955)."

■ When we look to the four corners of the will at issue here, its applicable provisions manifest a clear intent on the part of the testator to first prefer his wife, but, after her, to prefer Charles E. Brown to the exclusion of the other heirs at law. The divorce revoked the devise to the former wife just as surely as if she had died. If the wife could not take under the will, it is evident that the testator wanted his property to pass to Charles E. Brown. We believe this construction not only carries out what we perceive to be the testator's clear intent, it also avoids intestacy, which is not favored in the law.

For these reasons, the decree of the trial court will be affirmed.

*Affirmed.*