## ERNEST R. THOMAS, JR., ET AL.

## V.

## JOHN D. COPENHAVER, ADMINISTRATOR, ETC., ET AL.

Record No. 841813

March 4, 1988

Present: All the Justices

*William J. Creech, Jr. (Karen Webb McCutcheon; Gentry, Locke, Rakes & Moore,* on briefs), for appellants.

*T. L. Plunkett, Jr. (Plunkett & Logan,* on brief), for appellees Maryann Durham, H. B. Bock, Mrs. H. B. Bock, Judy Hall Conic, Kirklyn T. Kuzdrall, James Henry Pearson, Jr., Donnie Jean Alfieri, Vickie Cloann Brooks, Danny Gary Cook, Joan Pearson, John Frederick Pearson, Patricia Pearson Woods, Susan Pearson Lee, Vickie Pearson McLaughlin, Frances C. Lowe and Hazel F. Maultsby.

No briefs or arguments for appellees John D. Copenhaver, Administrator, etc. or Barbara J. Brown.

STEPHENSON, J., delivered the opinion of the Court.

In this appeal, we consider whether a certain paper writing constitutes a valid will, and if so, whether the testatrix devised her residuary estate.

On September 4, 1980, the Clerk of the Circuit Court of the City of Roanoke ordered probate of the following handwritten document as the holographic will of Helen L. Thomas (the decedent):

### Will

3   Rag Doll in Attic—(Note pinned on her.)
1   Diamond ring to Frances C. Lowe
    (my boss at N & W Ry.)
2   If my brother does not want the car, I give it to
    Hazel F. Maultsby.
    1846 Belleville Rd., S.W.

DIVIDE EVENLY
Grace Pearson   ) 305 Preston Bluefield
Virginia Pearson)         W. Va.
Barbara J. Brown, Box 774, Spring Lake, N.C.
Mrs. Maryann Durham, Warsaw, Va. 22572
Mr. & Mrs. H. B. Bock, Blacksburg, Va.
Sara Hall — 1709 Arlington Rd., S.W.
Hazel F. Maultsby
                    /s/Helen L. Thomas
                    August 13, 1972

Appellants, Ernest R. Thomas, Jr., and Frances Thomas Per-
aldo, sole heirs at law of the decedent (collectively, the heirs or
the appellants) contested the probate of the writing under the pro-
visions of Code § 64.1-78.[1] In their petition, the heirs also sought
construction of the writing if the court determined that the writ-
ing was a valid will. The appellees, defendants below, are the ad-
ministrator c.t.a. of the decedent's estate, the living persons
named in the writing,[2] and the descendants of the deceased per-
sons named therein[3] (collectively, the proponents).

The case was submitted to the trial court on stipulated facts.
The trial court decreed that the writing "is the true Last Will and
Testament of Helen L. Thomas" and that, after the specific be-
quests, the decedent divided all the residue of her estate evenly
among the named persons. The heirs appeal from the trial court's
decree.

---

[1] Code § 64.1-78 reads in pertinent part:
    Any person interested may, within six months after the entering of [a clerk's or-
der of probate], appeal therefrom as a matter of right, without giving any bond, to
the court whose clerk, or deputy, has made the order. Upon application being made
for such appeal, the clerk or deputy shall enter forthwith in his order book an order
allowing such appeal, and docket the same as a preferred cause for trial at the next
term of the court. The court at any term shall hear and determine the matter as
though it had been presented to the court in the first instance, and shall cause a
copy of the order on the order book of the court embracing its final action to be
copied by the clerk, or deputy, into his order book.

[2] Barbara J. Brown, Maryann Durham, H. B. Bock, Mrs. H. B. Bock, Frances C. Lowe,
and Hazel F. Maultsby.

[3] Judy Hall Conic, Kirklyn T. Kuzdrall, James Henry Pearson, Jr., Donnie Jean Alfieri,
Vickie Cloann Brooks, Danny Gray Cook, Joan Pearson, Jon Frederick Pearson, Patricia
Pearson Woods, Susan Pearson Lee, and Vicki Pearson McLaughlin.

The decedent, who resided alone in the City of Roanoke, died unexpectedly at her home on August 15, 1980. The document that is the subject of this litigation was handwritten on an 8½ inch by 5½ inch sheet of paper found in the decedent's chest of drawers. The paper writing was not in an envelope or container, but "was lying loose within [a] drawer" among bank books, insurance policies, savings bonds, and "quite a bit of correspondence." The paper was immediately delivered to John D. Copenhaver, an attorney, and thereafter probated by the clerk as the decedent's holographic will.

The persons named in the writing included Grace and Virginia Pearson,[4] Maryann Durham, and H. B. Bock, who were the decedent's cousins. Barbara J. Brown was the decedent's former maid. Sara Hall,[5] who predeceased the decedent, was a former neighbor of the decedent. Hazel F. Maultsby was the decedent's co-worker. Frances C. Lowe was the decedent's supervisor at Norfolk and Western Railway Company.

On August 13, 1972, the date of the paper writing, Ernest R. Thomas, Sr., the decedent's brother, was living and would have been her sole heir at law, had she died at that time. Thereafter, Ernest R. Thomas, Sr., died and was survived by his two children, the appellants.

We first must determine whether the document in question is the decedent's will. The trial court was "fully satisfied" that it is. To be a valid will, the writing must have been executed with testamentary intent. *Thompkins* v. *Randall*, 153 Va. 530, 537-38, 150 S.E. 249, 251 (1929). Although no particular form is necessary, testamentary intent must be ascertained from the face of the document, not from extrinsic evidence. *Mumaw* v. *Mumaw*, 214 Va. 573, 577, 203 S.E.2d 136, 138-39 (1974); *Fenton* v. *Davis*, 187 Va. 463, 467-68, 47 S.E.2d 372, 374 (1948).

The heirs contend that the document in question "does not evidence the necessary testamentary intent required of a valid will."

---

[4] Prior to the trial of this matter in the court below, Grace and Virginia Pearson died. They were survived by a brother, James Henry Pearson, Jr.; three children of Anna Mae Pearson Cook, a deceased sister, who are Donnie Jean Alfieri, Vicki Cloann Brooks, and Danny Gray Cook; and five children of Charles Frederick Pearson, a deceased brother, who are Joan Pearson, Jon Frederick Pearson, Patricia Pearson Woods, Susan Pearson Lee, and Vicki Pearson McLaughlin.

[5] Sara Hall is survived by two daughters, Judy Hall Conic and Kirklyn T. Kuzdrall, who, by virtue of the anti-lapse statute then in effect (former Code § 64.1-64), take the interest their mother would have taken.

They assert that "[i]t appears from the face of the document that the decedent was making notes of things she wanted to put in her will at some future time." We do not agree.

■ The decedent entitled the document a "<u>Will</u>." The term "will" is defined as "[t]he legal expression or declaration of a person's mind or wishes as to the disposition of his property, to be performed or take effect after his death." *Black's Law Dictionary* 1433 (5th ed. 1979). Additionally, the language employed by the decedent, e.g., "[d]iamond ring to Frances C. Lowe," "[i]f my brother does not want the car, I give it to Hazel F. Maultsby," and "<u>DIVIDE EVENLY</u>," evinces the decedent's desire to dispose of her property. Finally, the decedent dated the document and signed her name at the bottom, conduct inconsistent with that of a person who was simply making notes of things she wanted to put in her will at some future time.

By looking at the face of the document, it is clear to us, as it was to the trial court, that the writing was executed by the decedent with testamentary intent. Therefore, the trial court did not err in finding that the writing is a valid will.

Next, we determine the effect to be given to the phrase "divide evenly," which is followed by a list of eight named persons. In construing these words, the trial court "necessarily implied" from them that the testator intended to divide the residue of her estate evenly among the persons named.

The heirs contend that the provision is meaningless and ineffective because it fails to identify the property that is to be divided evenly. The proponents, on the other hand, contend that the decedent, after making certain specific bequests, devised and bequeathed the residue of her estate, in equal shares, to the persons named.

■ It is well settled that the paramount rule in testamentary construction is that the intention of the testator controls, unless it is contrary to an established rule of law. *Powell* v. *Holland*, 224 Va. 609, 615, 299 S.E.2d 509, 512 (1983). In ascertaining that intention, a court must examine the will as a whole and give effect, so far as possible, to all its parts. *Trice* v. *Powell*, 168 Va. 397, 401-02, 191 S.E 758, 760 (1937). Although the language in a will may be obscure and uncertain, if the testator's intention is ascertainable, his intention will prevail. *Id.* at 402, 191 S.E. at 760.

█ It is equally well settled that when a person executes a will, a strong presumption exists that he intends to dispose of his entire estate. *Jones* v. *Brown*, 219 Va. 599, 603, 248 S.E.2d 812, 814 (1978); *Kling* v. *Virginia Trust Co.*, 215 Va. 226, 230, 207 S.E.2d 890, 894 (1974). Consequently, when two interpretations are possible, the law favors the one that will prevent either partial or total intestacy. *Powell*, 224 Va. at 614, 299 S.E.2d at 512; *Jones*, 219 Va. at 603, 248 S.E.2d at 814. Moreover, the doctrine of necessary implication may be employed to effect the intention of the testator when there exists "so strong a probability of [the] intention, that an intention contrary to that which is imputed to the testator cannot be supposed." *Boisseau* v. *Aldridges*, 32 Va. (5 Leigh) 222, 233 (1834).

█ Accordingly, we will construe the decedent's will in the light of the foregoing legal principles. It is apparent that the decedent disposed of her diamond ring and automobile by specific bequests. Having done so, she then said, "divide evenly" and listed the names of eight persons. Were we to say, as the heirs contend, that the words "divide evenly" are meaningless, we would fail to give effect to each part of the decedent's will and ignore the presumption against intestacy. Indeed, by such a construction, the decedent would have died intestate, except as to the ring and the car.

█ Clearly, the decedent did not intend to die intestate as to the bulk of her estate. Thus, when the will is read as a whole, the only rational and sensible construction to be necessarily implied from the words "divide evenly" is that the decedent intended the residue of her estate to be divided evenly among the parties named thereafter.

█ In reaching this conclusion, we are not unmindful of another rule of construction upon which the heirs rely. That rule provides that a will should be construed so as to avoid the disinheritance of heirs, unless a contrary intention is manifested. *Sutherland* v. *Sydnor*, 84 Va. 880, 881-82, 6 S.E. 480, 481 (1888). When the decedent executed her will, however, the appellants would not have been the decedent's heirs. The decedent's brother, the father of the appellants, was living and would have been the decedent's sole heir at law, had she died at that time. As previously noted, however, she did provide for her brother in the will. Thus, the rule of construction relied upon by the heirs is inapplicable.

In sum, therefore, we hold that the paper writing in question is a valid will and that, by the words "divide evenly" as used in the will, the decedent devised and bequeathed the residue of her estate in equal shares to the parties named thereafter.

Accordingly, the judgment of the trial court will be affirmed.

*Affirmed.*