## CIRCUIT COURT OF FAIRFAX COUNTY

Jer Thadani

v.

Malkani

April 9, 2007

Case No. CH-2005-0001266

BY JUDGE MARCUS D. WILLIAMS

This matter is before the Court on the Plaintiff's Motion for Reconsideration of this Court's order of March 27, 2007, that applied the one year limitation of Va. Code § 64.1-89 in the above-styled case to sustain the Defendant's plea in bar. For the reasons stated herein, the Motion for Reconsideration is denied.

*Facts*

The Plaintiff, Ms. Jer Thadani, is challenging the residuary clause of her late husband's will that was executed and witnessed on August 6, 2003, and admitted to probate in Virginia in September 2003. Ms. Thadani filed her suit challenging the residuary clause in March 2005. At issue here is whether the suit is barred by the one year statute of limitations of Va. Code § 64.1-89 that provides that such a suit:

> shall be filed within one year from the date of such order or decree by the clerk [admitting the will to probate]. If no such bill filed within that time, the decree or order shall be forever binding.

The residuary clause that is in question reads as follows:

> I now authorize Mr. Malkani to take all his out of pocket expenses, legal fees etc., from my estate and transfer the rest to my NRE account No. 01192044542 in SBI, Cuffe Parade, Br. No. 5345, Mumbai 400005 through the bank's office in Washington, D.C.

The only other devise in the will is one that gives the contents of three bank accounts to the decedent's nephew.

## Analysis

The Plaintiff argues that the one year statute of limitations of Va. Code § 64.1-89 does not apply because this is a suit to "construe" the language of the residuary clause in order to determine the rights of the parties under the provision. The Plaintiff admits that the decedent intended that this provision devise the residue of his estate to a numbered bank account in India. The Plaintiff also admits that this provision is unambiguous as to its intent. The Plaintiff, however, argues that this provision violates Va. Code § 64.1-49 because the provision does not name a specific beneficiary, but rather a bank account whose terms are not admitted to probate. The clause, according to the Plaintiff, is therefore invalid and a suit to construe the legal validity of the clause is not subject to the one year limitation. The Plaintiff further argues that a probate court would have no jurisdiction to evaluate the legality of the provision in question as that would require another proceeding.

As the Plaintiff cites no statutes or cases that a will provision may not leave an estate to a numbered bank account, the principles of will construction are instructive in this case. Ordinarily, the subject of will construction is beyond the province and jurisdiction of the probate court in the probate. *Rickard v. Rickard*, 134 Va. 485, 494, 115 S.E. 369 (1922). In some cases, however, it is necessary and proper for the probate court to construe the document in order to determine questions such as whether the instrument is testamentary in character. See *Reeves v. White*, 136 Va. 443, 447, 118 S.E. 103, (1923). "[The] jurisdiction of probate courts to construe wills is merely ancillary or auxiliary to its jurisdiction to determine the testamentary nature of instruments offered for probate and to supervise the administration of estates." *Smith v. Mustian*, 217 Va. 980, 985, 234 S.E.2d 292 (1977). In the instant case, the provision in question was ascertained as dispositive of the testator's intention and admitted to probate.

"The primary consideration and rule of will construction is to determine the intention of the testator from the language which he has used. This intention gathered from the whole of the will, must predominate over all technical words and expression." *Turner v. Reed*, 258 Va. 406, 518 S.E.2d 832 (1999). In construing a will, the testator's intention controls, unless contrary to an established rule of law. *Haig v. Stickley*, 239 Va. 298, 302, 389 S.E.2d 691 (1990) (citing *Thomas v. Copenhaver*, 235 Va. 124, 128, 365 S.E.2d 760 (1988). Even though the language of the will may be obscure or uncertain, the testator's intention will prevail, if it can be ascertained. *Id.* As a more general rule, for courts "in construing the instruments our threshold inquiry is whether their terms are ambiguous." *Smith v. Smith*, 3 Va. App. 510, 513, 351 S.E.2d 593 (1986). An ambiguity exists when language admits of being understood in more than one way or refers to two or more things at the same time." *Id.*

This Court finds that, in the instant case, the meaning of the testator's will provision is clear, unambiguous, and reflective of the testator's intention: to transfer the rest of his U.S. estate to the numbered bank account in Mumbai. In short, there is no ambiguity to construe with respect to this provision and the decision relevant to probate was properly decided.

Rather than construe the provision, the Plaintiff now seeks to invalidate the provision under Va. Code § 64.1-49 because of the provision's alleged indefiniteness in not specifically naming a beneficiary rather than naming a numbered bank account. Va. Code § 64.1-49, however, contains no prohibition against leaving an estate or portion thereof to a numbered bank account. Moreover, if the provision were indefinite or ambiguous as to the proper legatee, extrinsic evidence of facts and circumstances are "always admissible in aid of the interpretation of a will." *Baker v. Linsly*, 237 Va. 581, 586, 379 S.E.2d 327 (1989) (holding that if the language of a will is plain and unambiguous, extrinsic evidence is never admissible to contradict or alter its meaning. However, extrinsic evidence of facts and circumstances, such as "the state of [the testator's] family and property; his relations to persons and things; his opinions and beliefs; his hopes and fears; his habits of thought and of language" are "always admissible in aid of the interpretation of the will, i.e., as explanatory of the meaning of the words as used by the testator"; and "the same doctrines should apply to all ambiguities, whether patent or latent, admitting evidence of the facts and circumstances in all cases, and of declarations of intention in the one case of equivocation").

The Court thus finds that the will provision in question reflects the intention of the decedent and that extrinsic evidence would be admissible if there were an ambiguity as to the proper legatee associated with the bank

account. The Court thereby does not find a need or basis for construing this provision and finds rather that the Plaintiff seeks to invalidate or impeach the provision, which constitutes the principal provision of the will. Such impeachment is subject to the limits of Va. Code § 64.1-89 and is time limited to one year after the will has been admitted to probate.

Additionally, even if the Plaintiff's suit were not time-barred, the Court would sustain the Defendant's demurrer without leave to amend because the Court finds that the provision in question is valid and enforceable for all the foregoing reasons. The Court does not find that the Plaintiff's pleading states a cause of action upon which relief can be granted. A motion for judgment "must set forth the essential facts (not conclusions of law) which constitute the foundation in law, of the judgment to be asked, and this must be done with sufficient definiteness to enable the court to find the existence of a legal basis for its judgment." *Moore v. Jefferson Hosp.*, 208 Va. 438, 440, 158 S.E.2d 124 (1967).

For the forgoing reasons, the Plaintiff's Motion for Reconsideration of the Court's March 27, 2007, order is denied.